# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re U.S. Foodservice, Inc. Pricing Litigation | Civil Action No. 07-1894 (CFD) <br> MDL No. 1894 (CFD) |
| This Document Relates To: | |
| Waterbury Hospital, *et al.*, <br>                 Plaintiffs, <br>    v. <br> U.S. Foodservice, Inc., <br>                 Defendant. | Civil Action No. 06-1657 (CFD) |
| Catholic Healthcare West, <br>                 Plaintiff, <br>    v. <br> Koninklijke Ahold N.V., *et al.*, <br>                 Defendants. | Civil Action No. 08-0004 (CFD) |
| Thomas & King, Inc., <br>                 Plaintiff, <br>    v. <br> Koninklijke Ahold N.V., *et al.*, <br>                 Defendants. | Civil Action No. 08-0005 (CFD) <br> MARCH 3, 2008 |

**U.S. FOODSERVICE INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS CATHOLIC HEALTHCARE WEST AND THOMAS & KING, INC.'S CROSS-MOTION TO COORDINATE**

Table of Contents

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| PROCEDURAL BACKGROUND | 2 |
| ARGUMENT | 2 |
| THE PRETRIAL PROCEEDINGS SHOULD BE CONSOLIDATED, NOT COORDINATED | 2 |
| A. The Essentially Identical Putative Class Actions Have Questions Of Law And Fact In Common, As The MDL Panel Determined | 3 |
| B. The Akin Gump Plaintiffs Cannot Avoid Consolidation By Making Largely Immaterial Changes To The Waterbury Hospital Complaint | 3 |
| C. The Akin Gump Plaintiffs' Disagreements As To Strategy Are Not Sufficient Ground To Deny Consolidation | 5 |
| D. The Akin Gump Plaintiffs Make Clear Their Intent To Cause Waste And Duplication | 6 |
| E. The Akin Gump Plaintiffs Do Not Seek "Targeted, Rapid Discovery" | 7 |
| F. The Case Law Cited By The Akin Gump Plaintiffs Does Not Support Coordination Here | 7 |
| G. The Motion To Consolidate Is Not Premature | 9 |
| CONCLUSION | 11 |

Table of Authorities

FEDERAL CASES

Fishbury, Ltd. v. Connetics Corp., No. 06 Civ. 11496, 2006 WL 3711566 (S.D.N.Y. Dec. 14, 2006) ................................................................................................. 3

Garber v. Randell, 477 F.2d 711 (2d Cir. 1973) ........................................... 7, 8, 9

In re Auction Houses Antitrust Litig., 197 F.R.D. 71 (S.D.N.Y. 2000) ............. 5

In re Cendant Corp. Litig., 182 F.R.D. 476 (D.N.J. 1998) ............................... 3

In re Host America Corp. Sec. Litig., 236 F.R.D. 102 (D. Conn. 2006) ........... 10

In re Ivan F. Boesky Sec. Litig., 948 F.2d 1358 (2d Cir. 1991) ....................... 5

In re NYSE Specialists Sec. Litig., 503 F.3d 89 (2d Cir. 2007) .................... 9, 10

In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................. 3, 4

In re PE Corp. Sec. Litig., 228 F.R.D. 102 (D. Conn. 2005) ........................... 10

In re Priceline.com, Inc. Sec. Litig., No. 3:00-cv-1884, 2007 WL 2115592 (D. Conn. July 20, 2007) ............................................................................. 10

In re Repetitive Stress Injury Litig., 11 F.3d 368 (2d Cir. 1993) .................. 7, 8

In re U.S. Foodservice, Inc., Pricing Litig., --- F. Supp. 2d ---, 2007 WL 4615789 (J.P.M.L. Dec 18, 2007) ............................................................................. 3, 9

Kaplan v. Gelfond, 240 F.R.D. 88 (S.D.N.Y. 2007) ....................................... 3, 4

Katz v. Realty Equities Corp. of New York, 521 F.2d 1354 (2d Cir. 1975) ........ 9

Waldman v. Electrospace Corp., 68 F.R.D. 281 (S.D.N.Y. 1975) ..................... 4

Patsy's Italian Rest., Inc. v. Banas, Nos. 06-CV-00729, 06-CV-5857, 2006 WL 3478988 (E.D.N.Y. Nov. 30, 2006) ............................................................ 4

MISCELLANEOUS

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221 (2004) ..................... 5, 6

Defendant U.S. Foodservice, Inc. ("USF") respectfully submits this memorandum of law in opposition to the cross-motion of Plaintiffs Catholic Healthcare West ("CHW") and Thomas & King, Inc. ("T&K") to coordinate the recently transferred putative class actions, entitled <u>Catholic Healthcare West</u> v. <u>Koninklijke Ahold N.V. et al.</u>, Civil Action No. 08-00004 (the "CHW Action") and <u>Thomas & King, Inc.</u> v. <u>Koninklijke Ahold N.V. et al.</u>, Civil Action No. 08-0005 (the "T&K Action," collectively with the CHW Action, the "Akin Gump Actions") with <u>Waterbury Hospital et al.</u> v. <u>U.S. Foodservice, Inc.</u>, Civil Action No. 06-01657 (the "Waterbury Hospital Action") and appoint counsel for CHW and T&K as lead counsel and interim class counsel, dated February 4, 2008 (the "Cross-Motion").

## PRELIMINARY STATEMENT

The Cross-Motion should be denied because consolidation is the only effective way to manage the three essentially identical putative class actions. The Akin Gump Actions and the Waterbury Hospital Action assert the same claims, challenging the same alleged pricing practices of USF, on behalf of the same class, seeking the same basic relief.[1] CHW and T&K (the "Akin Gump Plaintiffs") filed their copy-cat cases, thousands of miles apart, after monitoring this case for nearly a year. The Akin Gump Plaintiffs' characterization of their complaints as "vastly different" is incorrect. There are nominal differences in how they plead their claims, but the cases are effectively identical, and the MDL Panel has already considered, and rejected, the factual assertions made by the Akin Gump Plaintiffs in the Cross-Motion. USF agrees that the Waterbury Hospital Action is overbroad. The

---

[1] There are significant individual facts for each customer that will preclude certification of a class. Nonetheless, Plaintiffs have each brought these cases as putative classes; consequently, consolidation is necessary to avoid duplication of work by the Court and parties, waste and the risk of inconsistent adjudications.

Akin Gump Actions, however, are equally baseless. Each of the claims of the Akin Gump Plaintiffs is covered in the Waterbury Hospital Action. The fact that the Akin Gump Plaintiffs disagree with certain of the allegations, notwithstanding the fact that they make the same ones in their complaints, does nothing to avoid the utter waste of judicial and party resources, duplication of work and a substantial risk of inconsistent adjudications. Indeed, the Akin Gump Plaintiffs' intent to race their case ahead of the Waterbury Hospital Action, complaining about some alleged delay if the cases are consolidated, just confirms that coordination will undermine the effective administration of these cases.

It appears that the primary concern of the Akin Gump Plaintiffs is controlling these cases. Their belated interest in this case, however, is not relevant to consolidation, which focuses on commonality of facts or law. USF takes no position on the issue of lead plaintiffs' counsel in a consolidated action. The Akin Gump Plaintiffs' interest in controlling an essentially identical putative class action, however, cannot outweigh the obvious prejudice to Defendants and the substantial case law consolidating cases under similar circumstances.

## PROCEDURAL BACKGROUND

USF incorporates by reference the procedural background set forth in its Memorandum of Law in Support of Motion to Consolidate and File Consolidated And Amended Class Action Complaint, dated February 4, 2008, ("Supporting Brief") at pp. 2-4.

## ARGUMENT

### THE PRETRIAL PROCEEDINGS SHOULD BE CONSOLIDATED, NOT COORDINATED

For the reasons set forth in the Supporting Brief at pp. 4-12, consolidation is the only appropriate means of managing these three putative class actions.

### A. The Essentially Identical Putative Class Actions Have Questions Of Law And Fact In Common, As The MDL Panel Determined

Where there are multiple substantially overlapping putative class actions arising from the same core allegations, as here, consolidation is virtually mandated. See, e.g., Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); Fishbury, Ltd. v. Connetics Corp., No. 06 Civ. 11496, 2006 WL 3711566, at *1 (S.D.N.Y. Dec. 14, 2006); In re Cendant Corp. Litig., 182 F.R.D. 476, 478-79 (D.N.J. 1998). The Akin Gump Plaintiffs' repeated assertion that their case is "unique" and "vastly different" is baseless. (Akin Gump Br. 1, 3, 4) Indeed, the MDL panel rejected the identical arguments raised by the Akin Gump Plaintiffs in their unsuccessful efforts to avoid transfer to this Court:

> [W]e find that these three actions involve common questions of fact. . . . All three actions, which are brought on behalf of putative nationwide classes, involve allegations that USF engaged in a scheme to overcharge its customers by manipulating the invoice cost in "cost-plus" food service contracts, under which customers were charged the cost of what USF paid for the product plus a fixed mark-up/distribution fee. . . .
>
> Objecting plaintiffs assert, *inter alia,* that transfer of the actions under Section 1407 is unnecessary because . . . their actions do not present significant overlapping issues of fact or law with the District of Connecticut action. . . . We respectfully disagree.

In re U.S. Foodservice, Inc., Pricing Litig., , --- F. Supp. 2d ---, 2007 WL 4615789, at *1 (J.P.M.L. Dec. 18, 2007).

### B. The Akin Gump Plaintiffs Cannot Avoid Consolidation By Making Largely Immaterial Changes To The Waterbury Hospital Complaint

The Akin Gump Plaintiffs monitored the Waterbury Hospital Action for nearly a year before filing their complaints. Thus, it is not surprising that they chose to modify the approach some. Their modifications, however, do not change the fact that the cases are fundamentally the same.

The Akin Gump Plaintiffs cannot avoid consolidation by including additional defendants and purporting to scale back their legal theories. In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) (consolidating cases while noting that "the facts and legal issues need not be identical

to warrant consolidation"); Waldman v. Electrospace Corp., 68 F.R.D. 281, 283-84 (S.D.N.Y. 1975) (consolidating cases although one action raised a claim that the others did not). A consolidated amended complaint can account for any differences in the original pleadings. See Kaplan, 240 F.R.D. at 92 ("[W]e note that the filing of a consolidated complaint and the determination of class certification each offer opportunities to resolve remaining issues concerning the differing class periods.") (internal citations omitted)

Including additional defendants also does not provide a ground to avoid consolidation. Patsy's Italian Rest., Inc. v. Banas, Nos. 06-CV-00729, 06-CV-5857, 2006 WL 3478988, at *1 (E.D.N.Y. Nov. 30, 2006) (consolidating cases, noting that "the fact that there may be additional parties in one action does not mean that the cases should not be consolidated"). That principle is particularly applicable here, where the Akin Gump Plaintiffs cannot establish personal jurisdiction over Ahold or a claim.[2] (See Supporting Brief 8-9) The other two defendants, Gordon Redgate and Brady Schofield, are nominal. The Akin Gump Plaintiffs reveal their reason for adding Ahold as a purported concern that USF may be "unable to satisfy a trebled RICO judgment." (Akin Gump Br. 18) Putting aside that deep pockets is no basis for a claim, the Akin Gump Plaintiffs' rationale proves there is no need for the two individual defendants, who could not conceivably support any meaningful judgment, much less one beyond the means of USF.

The purported difference in the scope of the alleged claims as excluding non-VASP USF suppliers also does not support the Akin Gump Plaintiffs' opposition to consolidation. First, the Akin Gump Plaintiffs do make the same incorrect allegations about the non-VASP USF suppliers. (See

---

[2] The notion that Ahold could be required to equitably disgorge to certain of USF's customers the proceeds of its sale of USF is nonsensical. It cannot be alleged that USF's sale to its current owners was not for value. Making allegations without bases does not distinguish a case so as to avoid consolidation.

CHW Compl. ¶¶ 62-66)  Second, though the Akin Gump Plaintiffs wisely choose not to pursue their allegation, there still is a complete overlap of the cases.  The Waterbury Hospital Action includes the Akin Gump Actions, but tries to go further.  Absent consolidation, the Defendants still would be subject to the same duplicative work and risks of inconsistent adjudications.

      **C.**     **The Akin Gump Plaintiffs' Disagreements As To Strategy Are Not Sufficient Ground To Deny Consolidation**

It is clear that the Akin Gump Plaintiffs' theory of the case was constructed in reaction to USF's arguments in its motion to dismiss.  Despite efforts to frame the issues differently, the Akin Gump Plaintiffs' claims suffer from the same main deficiencies that they criticize in the Waterbury Hospital Action -- they do not allege conduct in breach of the varying contracts between the plaintiffs and USF or anything approaching a RICO violation.  The judgment on how to present the pricing case is purely strategic, and strategic decisions are made by lead counsel, whoever that may be.  See In re Auction Houses Antitrust Litig., 197 F.R.D. 71, 75 (S.D.N.Y. 2000) ("To remedy the problem of unmanageability [of multiple related claims], courts traditionally select lead counsel … [who] typically is responsible for … develop[ing] positions on substantive and procedural issues in the case.… By placing these responsibilities in the hands of one or a small group of counsel, the selection of lead counsel is meant to permit large numbers of cases in which common questions predominate to be prosecuted simultaneously.…"); see also In re Ivan F. Boesky Sec. Litig., 948 F.2d 1358, 1365 (2d Cir. 1991) ("The designation of lead … counsel with broad powers to control the consolidated proceedings is common in related actions.… Lead counsel ordinarily have major responsibility for formulating and presenting positions on substantive and procedural issues during the litigation.") (internal citations and quotation marks omitted).

      As the Manual for Complex Litigation makes clear, lead counsel is

> [c]harged with formulating . . . and presenting positions on substantive and procedural issues during the litigation.  Typically they act for the

> group . . . in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221 (2004). The Akin Gump Plaintiffs' quarrel with the strategic direction taken to date by the Waterbury Hospital Plaintiffs may be a factor relevant to the appointment of lead counsel, but is irrelevant to the Cross-Motion.

Significantly, the determination of lead plaintiffs and counsel for the consolidated USF Pricing Litigation has not been made. USF has no view on which counsel should be placed in charge of the consolidated action; only that Defendants be required to defend against only one consolidated case.

### D. The Akin Gump Plaintiffs Make Clear Their Intent To Cause Waste And Duplication

Throughout their Cross-Motion, the Akin Gump Plaintiffs repeatedly argue that consolidation will "unduly delay" the Akin Gump Actions. (See, e.g. Akin Gump Br. 3, 11, 19) In other words, absent consolidation, the Akin Gump Plaintiffs intend to move ahead of the Waterbury Hospital Action. That race to important rulings creates precisely the duplication, waste and risk of inconsistent adjudications that mandates consolidation.

The Akin Gump Plaintiffs have been even more express in their intent to cause duplication in repeatedly arguing that this Court should first hear the motion to dismiss the Waterbury Hospital Action, and then consider how to address their complaints. (Akin Gump Br. 18-19) USF intends to raise the same basic defenses to all complaints, and requiring duplicative, seriatim motions to dismiss is a pure waste of judicial and party resources.

### E. The Akin Gump Plaintiffs Do Not Seek "Targeted, Rapid Discovery"

The Akin Gump Plaintiffs' purported "streamlined discovery plan" (Akin Gump Br. 26) that will entail "targeted, rapid discovery" (id. 11) in fact covers discovery requests that are at least as broad as those of the Waterbury Hospital Plaintiffs. Indeed, contrary to their assertion of seeking limited discovery, the Akin Gump Plaintiffs have already twice asked for all the documents produced in the Waterbury Hospital Action. (See attached Declaration of Glenn M. Kurtz ("Kurtz Decl.") Exs. 1 and 2) They further intend to seek millions of pages of documents from unrelated investigations. Moreover, they have indicated that they would seek voluminous productions from numerous third parties, including from auditors, investigators, professional advisors, and at least 12 depositions, spanning the globe.

Additionally, differences in discovery plans are settled by the appointment of lead counsel, not by a decision as to whether multiple actions should proceed together or separately.

### F. The Case Law Cited By The Akin Gump Plaintiffs Does Not Support Coordination Here

In contrast to the substantial authority supporting consolidation (see Supporting Brief 4-10), there is virtually no authority supporting mere coordination of essentially identical putative class actions. The Akin Gump Plaintiffs rely primarily on Garber v. Randell, 477 F.2d 711 (2d Cir. 1973), a dated case that is clearly distinguishable.[3] In fact, in Garber, the district court had consolidated for

---

[3] The Akin Gump Plaintiffs also cite In re Repetitive Stress Injury Litig., 11 F.3d 368, 374 (2d Cir. 1993) to argue that "[c]ourts also reject consolidation where it would force parties 'to participate in discovery or other proceedings that are irrelevant to their case.'" (Akin Gump Br. 14) In Repetitive Stress, the Second Circuit reversed an order consolidating 44 cases against manufacturers and distributors of a wide variety of equipment brought by plaintiffs claiming such various repetitive stress injuries as carpal tunnel syndrome and tennis elbow. 11 F.3d at 371. The circumstances of each alleged injury was unique. The court found that consolidation was not warranted because the "sole common fact among these cases is a claim of injury of such generality that it covers a number of

pretrial purposes three class and derivative suits involving 15 plaintiffs and 58 defendants and ordered the plaintiffs to produce a consolidated amended complaint. 477 F.2d at 712-716. The Second Circuit reversed the order only insofar as it directed the filing of a consolidated complaint, but otherwise upheld the district court's order consolidating the cases. Id. at 713, 717. The court's concern was that one plaintiff had appended individual claims against a law firm which had not been sued by anyone else. Id. at 716-17. In addition, some plaintiffs had disassociated themselves from the claims against the firm. Id. Under these circumstances, the court found that "[t]o permit such limited claims against [the law firm] to be joined with numerous unrelated claims by other [plaintiffs] against some 50-odd other defendants in one 'mixed bag' type of consolidated complaint would be fundamentally unfair." Id. at 717.

Garber is a dated case, having been decided before multi-district litigation was created. Today, consolidated complaints are absolutely commonplace. Moreover, Garber is inapposite because both the Waterbury Hospital Plaintiffs and the Akin Gump Plaintiffs assert virtually identical claims, purportedly on behalf of the same class, for the same basic relief, and against the same primary defendant. Moreover, all Defendants in this case, as well as in the Waterbury Action Plaintiffs, favor consolidation, unlike in Garber where the law firm defendant asserted prejudice as a result of the district court's consolidation order. And, the Akin Gump Plaintiffs are not prejudiced by having to participate in allegedly expansive discovery. To the contrary, they seek the same, and then more

---

different ailments for each of which there are numerous possible causes other than the tortuous conduct of one of the defendants." Id. at 373. Here, as noted, the only asserted differences in discovery involve disputes as to some alleged strategic direction, not wholly unrelated discovery having nothing to do with each plaintiff and defendant, as was the case in Repetitive Stress. Indeed, the court in Repetitive Stress recognized that the key consideration for determining consolidation was to show "common factual or legal issues," the existence of which cannot be credibly denied here and has already been found by the MDL Panel. Id. at 374.

discovery. See supra p. 7.  Finally, the Garber court only reversed the district court's order insofar as it directed the plaintiffs to file a consolidated complaint against the law firm, adding "[o]ur decision should not be construed as implying that under no circumstances would an order directing the filing of a consolidated complaint be proper.  There may be circumstances, e.g., the existence of substantially complete identity between the claims and defenses in all actions, where a consolidated complaint would be appropriate."  Id. at 717 n.4.  Here, the MDL Panel has already found that the Waterbury Hospital Action and the Akin Gump Actions "involve common questions of fact. . . .  All three actions, which are brought on behalf of putative nationwide classes, involve allegations that USF engaged in a scheme to overcharge its customers by manipulating the invoice cost in 'cost-plus' food service contracts, under which customers were charged the cost of what USF paid for the product plus a fixed mark-up/distribution fee."  In re U.S. Foodservice, Inc., Pricing Litig., at *1.[4]

### G.     The Motion To Consolidate Is Not Premature

The Akin Gump Plaintiffs argue that the motion to consolidate is premature because the Waterbury Hospital Plaintiffs have not circulated a proposed consolidated amended complaint and the Court has not decided the motion to dismiss the Waterbury Hospital Action.  Such argument is makeweight.  The standard practice in complex litigations is that a consolidated amended complaint is filed after the actions are consolidated and the lead counsel and plaintiffs are appointed.  See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (noting that the district court

---

[4] The Akin Gump Plaintiffs also cite Katz v. Realty Equities Corp. of New York, which affirmed the district judge's order consolidating seventeen related securities cases for pretrial proceedings and ordering the plaintiffs to produce a "single consolidated complaint."  521 F.2d 1354, 1358-59 (2d Cir. 1975).  In Katz, the court noted that there were "significant attractions," with respect to the filing of a consolidated complaint, including "[d]irecting discovery to one complaint, rather than to seventeen complaints, [which] avoids the possible confusion and the possible problems stemming from the situation where each plaintiff pursues his individual complaint."  Id. at 1359.  Such benefits would likewise inure here if the actions are consolidated.

consolidated related cases and appointed lead plaintiffs and lead counsel, after which lead plaintiffs filed an amended consolidated complaint); In re Priceline.com, Inc. Sec. Litig., No. 3:00-cv-1884, 2007 WL 2115592, at *1 (D. Conn. July 20, 2007) (in ruling on a proposed settlement, noting that the court consolidated the cases and appointed lead plaintiff on the same day, after which the plaintiff filed a consolidated amended complaint); In re Host America Corp. Sec. Litig., 236 F.R.D. 102, 109-110 (D. Conn. 2006) (appointing lead counsel and lead plaintiff after the case had been consolidated and directing the filing of a consolidated amended complaint); In re PE Corp. Secs. Litig., 228 F.R.D. 102, 105-106 (D. Conn. 2005) (Droney, J.) (in granting a motion for class certification, noting that the case had previously been consolidated, then lead counsel and lead plaintiffs were appointed, and finally some months later the lead plaintiffs filed the amended consolidated class action complaint).

Courts do not waste their judicial resources by deciding motions to dismiss with respect to non-operative complaints. That the Akin Gump Plaintiffs first asserted their claims after briefing on USF's motion to dismiss had been completed does not provide a reason for upsetting the normal and efficient manner for handling multi-district putative class-action litigation. Thus, USF moved to adjourn the hearing on the motion to dismiss pending resolution of the transfer motion before the MDL Panel, arguing the need potentially to address the complaints at one time. (Kurtz Decl. Ex. 3) This Court granted the motion over the objection of the Waterbury Hospital Plaintiffs. (See Waterbury Hospital Action, Dkt # 109).

# CONCLUSION

For the foregoing reasons, USF respectfully requests that this Court deny the Akin Gump Plaintiffs' Cross-Motion to coordinate the Waterbury Hospital Action and the Akin Gump Actions and to appoint counsel for CHW and T&K as lead counsel and interim class counsel.

Dated: March 3, 2008
New York, New York

/s/ Glenn M. Kurtz_____
Glenn M. Kurtz (# ct 22471)
Douglas P. Baumstein (# phv 01502)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 819-8200
Fax: (212) 354-8113

Admitted *Pro Hac Vice*

Michael P. Shea  (# ct 19598)
Eric M. Sandler (# ct 25029)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-0100
Fax: (860) 275-0343

Attorneys for Defendant
U.S. Foodservice, Inc.

**CERTIFICATION OF SERVICE**

I hereby certify that on March 3, 2008, a copy of the foregoing U.S. FOODSERVICE INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS CATHOLIC HEALTHCARE WEST AND THOMAS & KING, INC.'S CROSS-MOTION TO COORDINATE was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                   /s/ Douglas P. Baumstein
                                                                      Douglas P. Baumstein