UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re U.S. Foodservice, Inc. Pricing Litigation* | Case No. 3:07-md-1894 (AWT) |
| This Document Relates To: All Actions | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE PROGRAM
AND FORM AND CONTENT OF NOTICE OF CLASS ACTION**

Plaintiffs' proposed class notices and notice program constitute the best notice practicable in this litigation, as they clearly, efficiently, and effectively relay to potential class members the information required under Federal Rule 23(c)(2). In contrast, USF's proposed modifications would, first and foremost, decrease the likelihood that potential class members will even read the notice, and second, confuse those who do and discourage them from participating in the class. Specifically, USF asks the Court to (1) include in class notice a lengthy and convoluted statement of USF's defenses; (2) omit from class notice a footnote informing class members that USF's merger with Sysco will not affect their rights in this action; (3) omit from class notice a provision informing class members that USF will not contact them about this litigation, and commending them to contact class counsel with further questions; and (4) disseminate notice by a cumbersome long-form mailing, rather than a short-form postcard that points recipients to additional information via the internet and that is less likely to be discarded without review as junk mail.

Such modifications are not only unsuitable to this litigation; they are also inconsistent with well-established standards and practices governing class notices. Accordingly, and as further set forth herein and in Plaintiffs' initial memorandum of law [Dkt. 476-2 ("Mem.")], Plaintiffs respectfully request that the Court approve their proposed form and content of class notice and implement their proposed notice program.

# ARGUMENT

I.  **PLAINTIFFS' PROPOSED CLASS NOTICE FULLY, EFFECTIVELY, AND EFFICIENTLY INFORMS POTENTIAL CLASS MEMBERS OF THE PENDENCY OF THIS ACTION AND OF THEIR RIGHTS AND OBLIGATIONS HEREIN, AS REQUIRED BY FEDERAL RULE 23.**

   A.  **Plaintiffs' Proposed Statement of USF's Defenses Adequately Informs Readers of USF's Position and Is Consistent With Well-Established Practices and With Other Descriptions Approved in the Second Circuit.**

Including a lengthy statement of defenses in the class notice, as USF wants to do, will confuse readers as to the central claims at issue, and undermine the Court's primary goal of "inform[ing] members that their rights are in litigation, and alert[in] them to take appropriate steps to make certain their individual interests are protected." *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980).

Notably, USF's opposition brief ("Opp.") omits the fact that Plaintiffs *have* included a statement of USF's defenses in their proposed long-form and short-form notices. Specifically, Plaintiffs' proposed long-form notice states as follows:

> How does USF answer?
>
> USF denies that it did anything wrong, and says that the VASPs were important vendors that provided necessary services in USF's supply chain and in the creation of USF's private label products, and that USF was expressly permitted to be compensated for such services pursuant to its contracts with cost-plus customers. USF says that its pricing practices were consistent with foodservice industry standards, that neither the VASPs nor the pricing practices were hidden from customers, and that customers did not make purchases based on any misunderstanding about its pricing practices.

*See* Exh. B.[1][2] USF proposes to include an *additional* three sentences on top of this statement, under the misguided premise that, "plainly, more robust disclosure about the case is better notice

---

[1] Citations to "Exh. _" are to the exhibits attached to the Declaration of Ilze C. Thielmann submitted with Plaintiffs' initial memorandum.

[2] Plaintiffs' proposed short-form notice similarly states: "USF denies the plaintiffs' allegations, and alleges that it did not overbill its customers, but rather calculated prices in accordance with its contracts." *See* Exh. A.

2

than providing less information." Opp. at 4. USF's assumption that more language necessarily makes for a better notice is contrary to the governing standards for class notices. Class notice is not a forum for the parties to flesh out their substantive arguments in hopes that the recipient will form some judgment about the case in favor of one party or the other. Whether or not recipients believe USF has meritorious defenses is irrelevant in the notice stage; the only relevant issue is that recipients understand the claims at issue in this litigation and that their substantive legal rights may be affected by virtue of remaining members of the certified class.

A detailed statement of defenses in a class notice is disfavored by well-established policies and practices governing class notice. The Manual for Complex Litigation provides that a class notice should "describe *succinctly* the positions of the parties" in order to "enable class members to make an informed decision about their participation." Manual for Complex Litigation, Fourth § 21.311 (2004) (emphasis added); *see also* Fed. R. Civ. P. 23(c)(2)(B) (requiring that class notice "clearly and concisely" communicate the required information); Judges' Class Action Notice & Claims Process Checklist and Plain Language Case Guide ("Checklist"), at 5 (Fed. Judicial Ctr. 2010) (warning that long notices "may actually reduce effectiveness," and that by presenting "excess information[,] . . . reader burnout results, [and] the information is not communicated at all").

Courts in the Second Circuit have consistently found that brief, typically one-sentence statements of defenses are appropriate and sufficient to put potential class members on notice of defendants' position,[3] a fact to which USF's opposition brief offers no rebuttal. *Cf. Moore*, 276

---

[3] *See* Mem. at 7 (citing *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2012 WL 432643 (S.D.N.Y. Feb. 8, 2012); *Rosario v. Valentine Ave. Discount Store*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011); *Schwerdtfeger v. Demarchelier Mgmt.*, 2011 WL 2207517 (S.D.N.Y. June 6, 2011)). *See also Ritz v. Mike Rory Corp.*, 2013 WL 1799974, at *4 (E.D.N.Y. Apr. 30, 2013) ("Since plaintiff's proposed notice already includes a statement that defendants believe that all tipped service workers 'were paid properly, according to the law,' . . . the language in the notice 'adequately puts potential opt-in plaintiffs on notice

3

F.R.D. at 60 ("Defendants do not cite any case law in support of the proposition that the Notice should include specific information about affirmative defenses."). These courts reason that "details of [defendants'] factual counterarguments" are "unnecessary and could well have the effect of discouraging class members from participating." *Whitehorn*, 2012 WL 432643, at *1; *see also Moore*, 276 F.R.D. at 60 (concluding that "[a]ny further elucidation of legal arguments will likely confuse potential opt-in plaintiffs"); *Byard*, 287 F.R.D. at 374 (same).

The parties negotiated the statement of defenses for several months last winter, and Plaintiffs' "How does USF answer?" section represents a compromise that Plaintiffs believe fully informs readers of USF's position in this case. It is also modeled on the statement of defenses in the Federal Judicial Center's sample notice. *See* Mem. at 7 (citing Employment discrimination class action certification: full notice, at 4 (Fed. Judicial Ctr. 2010)). As is clear from the consensus among courts in this circuit, any further elaboration of USF's defenses would only confuse potential class members and dissuade them from participating in this litigation.

> **B.  The Footnote Concerning USF's Pending Merger with Sysco Corporation Answers in Plain and Clear Language What Would Otherwise Be One of Potential Class Members' Most Frequently Asked Questions.**

There is nothing confusing about Plaintiffs' plain and clear statement that USF's pending merger with Sysco "if completed, will not affect [class members'] rights against USF." *See* Exh. B, at 4 n.1. Perhaps in recognition of the futility of its position in this regard, USF's opposition brief dedicates only four sentences to opposing the Sysco footnote. *See* Opp. at 4.

---

of, and equitably represents, the defendants' position.'"); *Byard v. Verizon W. Va.*, 287 F.R.D. 365, 374 (N.D. W. Va. 2012) ("[T]he defendants wish to include descriptions of "sample[s]" of their legal defenses in order to "balance" the text of the notice. The defendants cite no authority in support of the proposition that, as they appear to suggest, a notice must devote an equal word count to the positions of each party in the lawsuit."); *Delaney v. Geisha NYC LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) ("[B]ecause the description of Plaintiffs' FLSA claim is brief, the statement that 'Japonais denies that they violated the Fair Labor Standards Act' is sufficient.).

The merger between USF and Sysco, which together comprise 31% of the food distribution market and 54% of the broadline food distribution market,[4] promises to forever change the landscape of the foodservice industry. For suppliers and customers alike, all eyes are on the merger; in addition to the media coverage and federal investigations described previously, *see* Mem. at 9, 9 n.4, public interest groups and attorneys general from almost a dozen U.S. states are now carefully scrutinizing the deal.[5] Accordingly, the impact of the merger on their rights, obligations, and potential recoveries in this litigation will be at the forefront of many potential class members' minds while reading the class notice. Insertion of a discrete, but clear, footnote explaining the effect of the merger will not confuse potential class members, all of whom already know about the announced merger. Instead, it will preemptively answer what would otherwise likely be one of potential class members' most frequently asked questions.

> **C.     Plaintiffs' Proposed Instruction Regarding Communications Between USF and Potential Class Members Is Appropriate and Narrowly Tailored, As It Includes Only Those Communications That Relate to this Litigation.**

As set forth in detail in their Emergency Motion for a Protective Order Prohibiting USF from Communicating with Potential Class Members [Dkt. 470] and memoranda in support thereof [Dkts. 470-2, 479], Plaintiffs have well-founded concerns that USF has communicated and will communicate with potential class members regarding the substance of this litigation. Plaintiffs' concerns stem both from USF's inherently coercive commercial relationship with many potential class members,[6] and, even more directly, from USF's *affirmative statements* to

---

[4] *See* Decl. of Carter T. Coker ("Coker Decl."), Exh. D, Letter from American Antitrust Institute to Federal Trade Commission, at 6 (Feb. 25, 2014).

[5] *See, e.g.*, Coker Decl., Exh. D; Exh. E, *Restaurants Fear Clout of a New Food Giant*, Wall St. J. (Jan. 6, 2014); Exh. F, Editorial, *A Potentially Harmful Merger*, N.Y. Times (Jan. 20, 2014); Exh. G, *Opposition Mounts in Sysco's $8.2B Deal for US Foods*, The Street (Mar. 26, 2014).

[6] *See* [Dkt. 470-2, at 14-17]; [Dkt. 479, at 7-9.] *See generally Austen v. Catterton Partners V*, 831 F. Supp. 2d 559, 568 (D. Conn. 2011) ("[W]hen a defendant is in an ongoing, current business relationship with members of a putative class, . . . it may be prudent to preempt the defendant's ability to use the relationship and pressure class members to make factual concessions or settle claims.") (citing Manual for Complex Litigation § 21.12).

5

Plaintiffs that (a) its sales force plans to discuss this case with customers; (b) USF can "contact [its customers] on any subject it deems appropriate"; (c) USF has "certain[ly]" received customer inquiries about this litigation, and directs such inquiries to its communications and legal departments; and (d) USF is permitted to tell its customers, "We have a lawsuit. We're not going to sell to you if you participate."[7] USF's intentions in this regard are made all the more evident by its dogged refusal to certify that it will abstain from communicating with absent class members about this case, *see* [Dkt. 479, at 6-7], which refusal USF once again iterates in a footnote of its opposition brief. *See* Opp. at 5 n.1 (characterizing Plaintiffs' proposed provision as "factually inaccurate because USF has not 'represented that neither it or its lawyers will contact [class members] about the subject matter of this case'").

USF's string cite to the traditional rules governing party communications, *see* Opp. at 5, ignores that the Supreme Court directed over thirty years ago that district courts may enter appropriate orders in order to combat the "opportunities for abuse" inherent to class litigation. *See Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981); *see also Kleiner v. First Nat'l Bank of Atl.*, 751 F.2d 1193, 1203 (11th Cir. 1985) ("Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal."). Indeed, sections 21.12 and 21.33 of the Manual for Complex Litigation recognize that "Rule 23(d) authorizes the court to regulate communications with potential class members, even before certification," and that "[o]nce a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel. . . . Defendants' attorneys, and defendants acting in collaboration with their attorneys, may only communicate through class counsel with class

---

[7] *See* [Dkt. 470-2, at 4-9, 18-20]; [Dkt. 479, at 4-7.]

6

members on matters regarding the litigation."[8] To that end, the Second Circuit expressly directs that "[t]o prevent abusive practices in the absence of a local rule, the court should include in its order of notice a provision limiting within constitutional parameters any unauthorized correspondence by parties and their counsel with class members." *Erhardt*, 629 F.2d at 846.

In keeping with these instructions and the guidelines set forth in *Gulf Oil* and its progeny, Plaintiffs' proposed "Q&A" only concerns communications that directly relate to this litigation, and therefore does not impact or otherwise burden USF's right to communicate freely about business matters with its customers. *See* Exh. B, at 8 ("USF has represented that neither it nor its lawyers will contact you *about the subject matter of this case*. If you have a question about the case, or if USF should attempt to contact you *regarding the subject matter of this case*, please contact Class Counsel at the phone numbers and addresses listed above, under the heading 'Do I have a lawyer in this case?'.") (emphasis added).[9] As such, Plaintiffs' instruction is properly tailored and is consistent with *Gulf Oil*, with this Court's jurisprudence, and with the relevant provisions of the Manual for Complex Litigation.

---

[8] *See also Davis v. Soc. Servs. Coord., Inc.*, 2012 WL 5361746, at *26 (E.D. Cal. Oct. 30, 2012) ("[T]he court has a duty to oversee the notice process; unfettered communications with the putative class during the notice period and without the benefit of judicial supervision is inappropriate."); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 90 (E.D.N.Y. 2008) ("Now that the Court has recommended certification of this case as a collective action, defendant's discussion with potential opt-in class members in the absence of notice to plaintiffs' counsel would be improper."); *In re WorldCom, Inc. Sec. Litig.*, 2003 WL 22701241, at *8 (S.D.N.Y. Nov. 17, 2003) (noting that "[n]ow that a class has been certified, this Court has a particular obligation to monitor communications with the class"); Manual for Complex Litigation § 21.33 (acknowledging that "inquiries are expected in cases in which the class members have an ongoing relationship with the defendant," and recommending that "[t]o avoid problems over such communication," the parties should channel such inquiries to a hotline, a website, or a "frequently asked questions" form that has been jointly drafted and approved by the court).

[9] USF refuses to acknowledge that Plaintiffs have so tailored their proposed notice. *See* Opp. at 6 ("There is no basis whatsoever to direct class members to speak to class counsel based on any communications they may have with USF.").

## II. PLAINTIFFS' PROPOSED NOTICE PLAN IS THE OPTIMAL, MOST USER-FRIENDLY, AND MOST ECONOMIC MEANS OF TRANSMITTING CLASS NOTICE TO AS MANY POTENTIAL CLASS MEMBERS AS POSSIBLE.

USF's citation to three inapposite cases in which courts condoned mailing a long-form notice[10] fails to prove its sweeping conclusion that "[c]ourts agree that, where practicable, long-form notice is generally considered the best notice." Opp. at 8. Quite to the contrary: the practice of sending short-form notice by direct mail, and making long-form notice available on the internet and by request, has become widely accepted as an effective and economical means of catching class members' attention and providing the information required under Rule 23.[11] *See also* Manual for Complex Litigation § 21.31 ("In many cases, a one-page summary of the salient points is useful, leaving fuller explanation for a separate document."), § 21.311 ("[R]eferring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement."); Managing Class Action Litigation: A Pocket Guide for Judges ("Pocket Guide"), at 29 (Fed. Judicial Ctr. 2010) ("A short-form, single-page (or shorter) 'summary' notice with headlines can communicate all the required elements of Rule 23 and can tell the reader how to get additional information."). Short-form notices are especially appropriate where their targeted recipients are sophisticated corporate entities with the capacity and technical know-how to access class websites. *See* Dkt. 476-7, Decl. of Alan Vasquez ("Vasquez Decl") ¶ 12.

---

[10] Nowhere in these three cases did a party propose using a short-form or postcard notice, and thus none of the courts had occasion to consider whether long-form or short-form mailed notice was preferable. *See In re Visa Check/Mastermoney Antitrust Litig.*, 2002 WL 3158478, at *5 (E.D.N.Y. June 21, 2002) (parties *agreed* to directly mail a long-form notice); *Alberton v. Commonwealth Land Title Ins.*, 2008 WL 1849774, at *2 (E.D. Pa. Apr. 25, 2008) (plaintiff proposed directly mailing a long-form notice); *Cooper v. Pac. Life Ins. Co.*, 2005 WL 1866166, at *3 (S.D. Ga. Aug. 5, 2005) (same).

[11] *See In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *3 (S.D.N.Y. Apr. 24, 2014); *Schulken v. Wash. Mut. Bank*, 2013 WL 11568, at *2 (N.D. Cal. Jan. 1, 2013) ("There is no legal basis for Mr. Earl's suggestion that the mailing of a short-form notice with information about viewing a long-form notice on the internet is per se constitutionally deficient. Indeed, settlement websites have become a widely accepted feature of successful class action settlements approved by this and other courts."); *Trombley v. Bank of Am.*, 2011 WL 3740488, at *2 (D.R.I. Aug. 24, 2011) (collecting cases); *Jermyn v. Best Buy Stores, LP*, 2010 WL 5187746, at *2-5 (S.D.N.Y. Dec. 6, 2010); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 203 (D. Me. 2003).

Further, as set forth in Plaintiffs' initial memorandum, and as attested by a representative from Gilardi & Co, LLC, a leading notice and claims administration firm, disseminating short-form notice via a *postcard* (1) increases the likelihood that recipients will notice and actually read the text, and (2) saves the parties substantial postage and printing fees. *See* Mem. at 13-14; Vasquez Decl. ¶¶ 9-12.[12] Plaintiffs therefore see no reason for USF to now insist that Plaintiffs print and mail their short-form notice on a one-page flyer. Nor can Plaintiffs understand why USF never made such a suggestion during the *four months* in which the parties negotiated class notice with Parajudicial Officer Hawkins last winter. Postcard notice, with information about how potential class members can download or request a longer-form notice, is a modern and widely accepted means of disseminating class notice,[13] and is the optimal way to notify potential class members of the claims, rights, and obligations at issue in this litigation.

Finally, USF cites no support for its assertion that Plaintiffs' proposed short-form notice is "a jumble of compressed information" that is "visually unappealing and likely to be ignored." Opp. at 9. Plaintiffs worked with an experienced claims and notice administrator to develop their notice program, and as explained by the Gilardi representative—who has substantial professional experience with the notice process and the effects achieved by various types of notice, and is not simply injecting unfounded personal opinion—the spacing and font used in

---

[12] *See also* Checklist, at 1 ("Notices should be designed . . . to come to command class members' attention when the notices arrive in the mail . . . ."); Pocket Guide, at 28 ("In a world in which junk mail and spam can easily drown out important messages, you may need to press the parties to look beyond the formal legal requirements and find a way to communicate the gist of a class action notice in an attention-getting and understandable format.").

[13] *See In re Advanced Battery Tech., Inc. Sec. Litig.*, 2014 WL 1243799, at *15 n.3 (S.D.N.Y. Mar. 24, 2014) ("The use of a combination of a mailed post card directing class members to a more detailed online notice has been approved by courts.") (collecting cases). For examples of the many cases in which this notice method was employed, *see In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *3 (S.D.N.Y. Apr. 24, 2014); *In re Philips/Magnavox Television Litig.*, 2012 WL 1677244, at *14 (D.N.J. May 14, 2012); In re Black Farmers Discrim. Litig., 856 F. Supp. 2d 1, 29 (D.D.C. 2011); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F.Supp.2d 935, 973 (N.D. Ill. 2011); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 270 F.R.D. 30, 35 (D. Me. 2010); *In re Mutual Funds Investment Litig.*, 2010 WL 2342413, at *6–7 (D. Md. May 19, 2010); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1375 (S.D. Fla. 2007).

Plaintiffs' short-form notice "has been approved as readable by many courts, and exceeds Gilardi's [] recommendation that notice text exceed 7-point size." *See* Vasquez Decl. ¶ 10.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court (1) approve the form and content of Plaintiffs' Long-Form, Short-Form, and Banner Notices; (2) approve the Proposed Notice Program and direct that notice disseminated as proposed therein; and (3) set the deadline for requesting exclusion from the class for forty-five (45) days after the Notice Date.

Dated: May 9, 2014.

Respectfully submitted,

By: _____ */s/ Richard L. Wyatt* _____

| | |
|---|---|
| **WHATLEY KALLAS, LLP**<br>Edith M. Kallas<br>Joe R. Whatley, Jr.<br>Ilze C. Thielmann<br>1180 Avenue of the Americas, 20th Floor<br>New York, NY 10036<br>(212) 447-7070 | **HUNTON & WILLIAMS LLP**<br>Richard L. Wyatt, Jr.<br>Todd M. Stenerson<br>Torsten M. Kracht<br>Ryan P. Phair<br>2200 Pennsylvania Ave. NW<br>Washington, D.C. 20037<br>202.955.1500 |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>R. Laurence Macon<br>Karen Kroesche Gulde<br>300 Convent Street, Suite 1600<br>San Antonio, Texas 78205<br>(210) 281-7000 | **DRUBNER & HARTLEY, L.L.C.**<br>James E. Hartley, Jr.<br>Federal Bar No. ct 08275<br>500 Chase Parkway<br>Waterbury, CT 06708<br>(203) 753-9291 |

**CERTIFICATE OF SERVICE**

I, Ryan P. Phair, hereby certify that on this 9th day of May, 2014, I caused a copy of the foregoing Reply Memorandum in Further Support of Plaintiffs' Motion for Approval of Notice Program and Form and Content of Notice of Class Action to be filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. In addition, Plaintiffs sent a courtesy copy of this document via email to:

Glenn M. Kurtz
Douglas P. Baumstein
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, NY 10036
dbaumstein@whitecase.com

By: */s/ Ryan P. Phair*
Ryan P. Phair