# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re U.S. Foodservice, Inc.* *Pricing Litigation* | Case No. 3:07-md-1894 (AWT) |
| This Document Relates To: All Matters | |

## [PROPOSED]
## FINDINGS AND ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FORM AND MANNER OF CLASS NOTICE, AND SETTING SCHEDULE FOR FINAL SETTLEMENT

**Whereas**, Plaintiffs Waterbury Hospital, Frankie's Franchise Systems, Inc., Thomas & King, Inc., and Catholic Healthcare West (collectively "Plaintiffs"), filed separate class action suits against Defendant U.S. Foodservice, Inc., now known as US Foods, Inc. ("USF"), and on December 18, 2007, the Judicial Panel on Multidistrict Litigation consolidated those suits for pretrial proceedings in the U.S. District Court for the District of Connecticut;

**Whereas,** on June 30, 2008, Plaintiffs filed a Consolidated and Amended Class Action Complaint that alleges that between 1998 and 2005, USF violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and breached its contracts with cost-plus customers by devising a scheme to falsely inflate invoices to increase the "cost" of goods purchased through six entities called "Value-Added Service Providers" ("VASPs");

**Whereas,** USF denies any wrongdoing or liability arising from Plaintiffs' allegations;

**Whereas,** on November 29, 2011, this Court granted Plaintiffs' Motion for Class Certification, designated the named Plaintiffs as class representatives, and certified the following class of individuals (the "Class") for the period of January 1, 1998 to December 31, 2005:

> Any person in the United States who purchased products from USF pursuant to an arrangement that defined a sale price in terms of a cost component plus a markup ("cost-plus contract"), and for which USF used a VASP transaction to calculate the cost component.

**Whereas,** USF appealed this Court's class certification decision, and this Court's decision was affirmed on appeal by the U.S. Court of Appeals for the Second Circuit;

**Whereas,** Plaintiffs and USF engaged in extensive arm's-length negotiations before an experienced mediator in an effort to resolve the issues raised in this litigation, and now desire to settle this action without admitting any fault or liability, in order to avoid the expense, risks, delays, disruptions, and uncertainties of further litigation;

**Whereas**, Plaintiffs moved on July 3, 2014 for preliminary approval of the proposed settlement agreement attached hereto as Exhibit A ("Proposed Settlement"), the class notices attached as Exhibits B ("Short-Form Notice") and C ("Long-Form Notice"), and the proposed notice program, plan of allocation, and settlement schedule set forth in Plaintiffs' accompanying memorandum of law and supporting declarations;

**Whereas**, the Court finds, on a preliminary basis, that the terms and conditions of the Proposed Settlement are fair, reasonable, and adequate for the settlement of all claims asserted by the Class in this litigation; that the best interests of the parties will be advanced by settlement of this action; that the proposed notice program is the best means practicable under the circumstances to provide timely and sufficient notice of the settlement to all persons and entities entitled thereto; and that the proposed plan of allocation and settlement schedule are the best means practicable to allow class members to object to, opt-out of, or submit proofs of claims under the settlement, and to allocate the settlement proceeds among the class members; and

**Whereas**, the Court finds, on a preliminary basis, that Plaintiffs' proposed Short-Form and Long-Form Notices satisfy the requirements of due process and Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, as they clearly, fairly, and adequately: (1) describe the history and nature of this litigation, the class claims, issues, and defenses, and the terms and effect of

class certification; (2) notify class members that the Court will exclude from the Class any member who requests exclusion, and of the binding effect of a class judgment on members who do not request exclusion; (3) inform class members of the opt-out plan and schedule and the time and manner for opting out; and (4) notify class members that they may enter an appearance through an attorney if they so desire, and that Class Counsel has been approved and will be paid from the settlement fund[1];

**IT IS HEREBY ORDERED** that Plaintiffs' consent motion for preliminary approval of the Proposed Settlement (Exh. A) and the form and content of their proposed class notices (Exhs. B and C) is **GRANTED**.  The Court appoints Gilardi & Co., LLC ("Gilardi"), as the notice and claims administrator.  It is further **ORDERED** that the schedule for notifying the Class of the settlement, allocating the settlement proceeds, and requesting approval of the final settlement shall be as follows:

1.  <u>Manner of Dissemination of Class Notice.</u>

    a.  <u>Direct Notice.</u>  Plaintiffs shall, by **August 11, 2014**, cause Gilardi to send a postcard containing the Short-Form Notice (Exh. B) via first class U.S. mail, postage pre-paid, to each mailing address of class members provided by USF.

    b.  <u>Class Website.</u>  Plaintiffs shall, by **August 11, 2014**, cause Gilardi to establish a website (the "Class Website") that contains the Settlement Agreement (Exh. A), the Long-Form Notice (Exh. C), and copies of the Amended and Consolidated Class Action Complaint [Dkt. 34], USF's Answer [Dkt. 145], the Court's Ruling on Class Certification [Dkt. 218], the Second Circuit's Opinion on Interlocutory Appeal [Dkt. 188-2], and Plaintiffs' motion for preliminary approval.  The Class

---

[1] This Court has designated the following as Class Counsel:  Hunton & Williams LLP; Drubner, Hartley & Hellman LLC; Whatley Kallas LLP; and Akin, Gump, Strauss, Hauer & Feld LLP.

Website shall refer visitors to the toll-free telephone number for additional information, and shall be maintained until the final disposition of this matter.

c.   <u>Telephone Support Center.</u>  Plaintiffs shall, by **August 11, 2014**, cause Gilardi to establish and staff a toll-free telephone litigation support service for individuals to contact with questions about the Class settlement, notice, and allocation plan. The support service shall be prepared to provide in oral format information concerning the mechanics of opting out of the Class and answers to other frequently asked questions, and shall allow callers to request hard copies of the Proposed Settlement, settlement notices, and other relevant pleadings.   The support service shall not give legal advice and shall refer callers to Class Counsel to the extent callers have substantive questions or wish to obtain additional information about the case.  The telephone support service shall be maintained until the final disposition of this matter.

d.   <u>Print Publication.</u>  Plaintiffs shall cause Gilardi to publish the text of the Short-Form Notice in *The Wall Street Journal* in the first available advertising cycle following the direct mailing of the Short-Form Notice.

e.   <u>Internet Publication.</u>   Plaintiffs shall cause Gilardi to publish banner advertisements on the following websites in the first available advertising cycle following the direct mailing of the Short-Form Notice: www.nrn.com, www.foodservicecentral.com, and www.hhnmag.com.  The banners shall consist of the language used in the headline of the Long-Form Notice, and persons who click on the banners shall be routed to the Class Website. The banners shall run on the aforementioned websites for no less than thirty (30) days.

    f.  <u>Opt-Out Requests.</u>  Any member of the Class that wishes to exclude itself from the Class must submit a letter requesting exclusion with Gilardi, as specified in the Long-Form Notice (Exh. C).  The deadline for mailing a request for exclusion from the Class is set for **September 25, 2014**.  Gilardi shall provide a complete exclusion list and copies of all exclusion forms to Class Counsel and to USF's counsel by **October 9, 2014**.

    g.  <u>Objections.</u>  Any member of the Class that wishes to object to the Proposed Settlement, the requested attorneys' fees, or the requested attorney and lead-counsel reimbursement expenses, shall have until **September 25, 2014** to mail his or her objection(s) to the Court, Class Counsel, and USF's counsel as specified in the Long-Form Notice (Exh. C), and to inform the Court, Class Counsel, and USF's counsel by mail of his or her intention to speak at the fairness hearing.

2.  Class Counsel shall file by **August 29, 2014**, their application for attorneys' fees, reimbursement of expenses, and reimbursement award to lead plaintiffs.

3.  Class Counsel shall file by **September 25, 2014**, a statement of compliance with the class notice requirements set forth in this Order and under due process and Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

4.  Class Counsel shall file by **October 24, 2014**, their Motion for Final Approval of Settlement, Proposed Plan of Allocation, Application for Attorneys' Fees and Reimbursement of Expenses, and Reimbursement Award to Lead Plaintiffs.

5.  Class Counsel shall inform the Court by **October 24, 2014**, of the number of objections received and the number of class members who intend to speak at the fairness hearing.

6.  USF's counsel shall have until **October 30, 2014**, within which to terminate the Proposed Settlement or take other action as permitted under the Proposed Settlement if opt outs exceed a specified percentage.

7.  The Court shall hold a fairness hearing at **10:00 a.m. on December 9, 2014**, in the South Courtroom of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut, 06103.

8.  Pending the Court's order granting or denying final approval of the settlement, no class member may commence or prosecute any action or proceeding, directly or representatively, in any court or tribunal, asserting any claims to be released under the Proposed Settlement.

9.  Class members shall have until **the later of December 19, 2014, or seven (7) days after entry of the order granting final approval of the settlement**, in which to submit proofs of claims with the Notice and Claims Administrator.

10. Royal Ahold N.V. ("Ahold") shall have within **ten (10) days after entry of the order granting final approval of the settlement**, in which to pay the settlement fund in an escrow account, held and administered by an escrow agent as set forth in the Proposed Settlement.

11. Attorneys' fees and reimbursement expenses shall be distributed to Class Counsel and to lead Plaintiffs as set forth in the Settlement Agreement within **five (5) days after the Effective Date[2] of the order granting final approval of the settlement**.

---

[2] The settlement and final settlement agreement shall become final and effective upon the date ("Effective Date") on which the following conditions have been met:

    a.  Neither Ahold nor USF have/has availed themselves/itself of any right to terminate the settlement;

    b.  The settlement is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

    c.  Entry of an Order and Final Judgment; and

    d.  The time for appeal from the Court's approval of the settlement and entry of an Order and Final Judgment has expired or, if appealed, either all such appeals shall have been dismissed prior to resolution by the

12. The Notice and Claims Administrator shall resolve all claim deficiency notices and distribute all settlement funds within **one-hundred and eighty (180) days after the Effective Date of the order granting final approval of the settlement**.

It is so **ORDERED** this _____ day of _____, 2014.

_____
Alvin W. Thompson
U.S. District Court Judge

---

appellate court or approval of the settlement agreement and final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and the Order and Final Judgment and affirmance is no longer subject to further appeal or review, by certiorari, rehearing, or otherwise.

# EXHIBIT
# A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re U.S. Foodservice, Inc. Pricing Litigation, | Civil Action No. 07-1894 (AWT) MDL No. 1894 (AWT) |
| This Document Relates To: All Matters | |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is made and entered into, effective May 20, 2014, by and between

    (a)    Koninklijke Ahold N.V. ("Ahold") and US Foods, Inc. f/k/a U.S. Foodservice, Inc. ("US Foods"), and

    (b)    Plaintiffs and Class representatives Catholic Healthcare West, Waterbury Hospital, Thomas & King, Inc., and Frankie's Franchise Systems Inc. on behalf of the Class (as defined in Section 1.1 herein) (the "Class Representatives")

Ahold, US Foods and the Class Representatives are collectively referred to herein as the "Parties."  The undersigned counsel for the Class Representatives and the Class are referred to herein as "Class Counsel."

WHEREAS, the cases initially filed by the Class Representatives were consolidated for pretrial purposes in a multidistrict litigation, captioned *In re U.S. Foodservice Inc. Pricing Litig.,* Nos. 3:07–md–1894, 3:06–cv–1657, 3:08–cv–4, 3:08–cv–5 (D.Conn. Nov. 29, 2011), in the United States District Court for the District of Connecticut (the "Court");

WHEREAS the cases consolidated in the multidistrict litigation allege that US Foods breached its contracts with the Class and also violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 et seq. ("RICO"), and that the Class suffered economic injury and calculable damages as a result (the multidistrict litigation and all actions consolidated therein, collectively, the "Action");

WHEREAS, US Foods denies each and every one of the Class' allegations of contract breach, fraudulent or misleading conduct, racketeering and unfair trade practices, and denies that any conduct challenged by the Class caused any injury or damage whatsoever to the Class, and has asserted a number of defenses to the Class' claims;

WHEREAS, the Parties agree that this Settlement Agreement and the settlement reflected herein (the "Settlement") shall not be deemed or construed to be an admission or evidence of any

violation of any statute or law or of any liability or wrongdoing by US Foods or of the truth of any claim or allegation or a waiver of any defenses thereto;

WHEREAS, Ahold has, pursuant to contract, assumed from US Foods liability for damages arising out of the Action;

WHEREAS, Ahold was dismissed as a defendant in this litigation;

WHEREAS, arm's length settlement negotiations have taken place among counsel for the Parties, including in a mediation conducted by the Honorable Layn R. Phillips, and the parties have agreed to this long form Settlement Agreement, which embodies all of the terms and conditions of the binding Term Sheet agreed among the Parties on May 20, 2014, subject to final approval of the Court; and

WHEREAS, the Class Representatives and Class Counsel have concluded, after extensive discovery, investigation, motion practice and appellate practice, and after carefully considering all of the circumstances of the Action, that it would be in the best interests of the Class to enter into this Settlement Agreement in order to avoid the uncertainties of, and risks and delays associated with, the outcome of a trial and/or any subsequent appeals, and to assure a benefit to the Class and further, that the Class Representatives and Class counsel consider the Settlement to be fair, reasonable, and adequate and in the best interests of the Class; and

WHEREAS, Ahold and US Foods, despite their belief that US Foods is not liable for the claims asserted and that US Foods has good defenses thereto, have concluded that it would be in their best interests to enter into this Settlement Agreement to avoid further expense, inconvenience, uncertainties of, and risks and delays associated with a trial and/or any subsequent appeals, and the distraction of burdensome and protracted litigation and thereby to resolve this controversy;

NOW THEREFORE, it is agreed by the Parties, through their respective authorized representatives who have signed below, that the Action and all Released Claims made or that could have been made against US Foods and/or any Class Member (as defined in Section 11._) be settled, compromised, and dismissed on the merits and with prejudice and, except as

3

hereinafter provided, without costs as to the Class, subject to the approval of the Court, on the following terms and conditions:

    1.    <u>Class</u>

    1.1    <u>Class</u>.  Pursuant to Fed. R. Civ. P. 23, the Court has certified a Class defined as follows:

Any person (individual or entity) in the United States who purchased products from USF pursuant to an arrangement that defined a sale price in terms of a cost component plus a markup ("cost-plus contract"), and for which USF used a VASP transaction to calculate the cost component.

    1.2    <u>Class Members</u>.  As used throughout this Settlement Agreement references to "Class Members" mean any person or entity falling within the definition of the Class, except for persons and entities who file timely and valid requests for exclusion from the Class.

    2.    <u>Best Efforts to Effectuate This Settlement</u>.  The Parties and their undersigned counsel agree to recommend this Settlement and approval of this Settlement Agreement by the Court and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.  The Parties and their undersigned counsel further agree, consistent with their obligations in this section, not to do anything to encourage any Class Member to oppose or obstruct the Settlement, or to do anything to encourage any person or entity to request exclusion from the Class.

    3.    <u>Motion for Preliminary Approval</u>.  The Class Representatives, through Class Counsel, shall file with the Court a motion for preliminary approval of the Settlement, which shall contain a proposed preliminary approval order in a form agreed upon by Class Counsel and counsel for Ahold and US Foods.  The proposed preliminary approval order shall include, *inter alia*, (a) approval of a notice plan, (b) appointment of a claims administrator (the "Claims

Administrator") (the proposed Claims Administrator to have been selected subject to the agreement of the Parties, as provided in section 9 herein), (c)  the deadline and procedures for requesting exclusion from the class, (d) the deadline and procedures for objecting to the Settlement; (e) the date for a final approval hearing; and (f) an order temporarily barring Class Members, directly or representatively, from commencing or prosecuting any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties pending final determination of whether the Settlement should be approved.  In the event that the Court preliminarily approves the Settlement, Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the preliminary approval order, direct the Claims Administrator, to be approved by the Court, to provide the Class with settlement notice as ordered by the Court ("Settlement Notice").  All costs of Settlement Notice shall be paid or reimbursed exclusively from the Settlement Fund (as defined in section 6 herein) as provided in this Settlement Agreement.  Neither Ahold nor US Foods shall have any responsibility to provide any additional funding to cover the costs of Settlement Notice.  Actual mailing and electronic document reproduction expenses associated with notice under the Class Action Fairness Act of 2005 ("CAFA") shall be paid or reimbursed from the Settlement Fund.  Defendant shall be responsible for providing any applicable notice(s) under CAFA and for any fees charged by its counsel for providing notice required by CAFA.

4.    <u>Motion for Final Approval and Entry of Final Judgment</u>.    If the Court preliminarily approves the Settlement, then the Class Representatives, through Class Counsel, shall submit a motion for final approval by the Court, after appropriate notice to the Class, and entry of a final judgment (the "Order and Final Judgment").  The form of the proposed Order and

Final Judgment shall be jointly agreed upon by the Parties before submission to the Court, and shall include paragraphs:

    a.        finding the Settlement and its terms to be fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

    b.        providing for payments from the Settlement Fund (as defined in section 6 herein) to the Class Members pursuant to the Court approved plan of distribution;

    c.        providing for an award of funds in addition to whatever monies each Class Representative will receive from the Settlement Fund (as defined in Section 6 herein) pursuant to the Court approved plan of distribution, to compensate the Class Representatives for the effort, time and expense spent by them in connection with the prosecution of the Action ('Compensation Awards");

    d.        providing for payment of reasonable attorneys' fees and reimbursement of expenses from the Settlement Fund (as defined in section 6 herein);

    e.        setting forth the method for allocating the Settlement Fund (as defined in section 6 herein) between and among Class Members;

    f.        directing that the Action and any other matter filed in or transferred to *In re U.S. Foodservice Inc. Pricing Litig.,* Nos. 3:07–md–1894, 3:06–cv–1657, 3:08–cv–4, 3:08–cv–5 (D.Conn. Nov. 29, 2011) (the "MDL") be dismissed with prejudice and, except as provided for herein, without costs;

    g.        approving the release of claims specified herein as binding and effective as to all Class Members and permanently barring and enjoining such Class Members from asserting any Released Claims (as defined in section 11 herein);

    h.        reserving exclusive and continuing jurisdiction over the Settlement and this Settlement Agreement, including the Settlement Fund (as defined in section 6 herein) and the administration, consummation and interpretation of this

Settlement and Settlement Agreement, except as provided in section 9 herein); and

i.      directing that final judgment of dismissal with prejudice be entered in the Action and in any other action pending in the MDL.

5.      <u>Effective Date of Settlement</u>.   The Settlement and Settlement Agreement shall become final and effective upon the occurrence of each and all of the following conditions ("Effective Date"):

a.      neither Ahold nor US Foods have/has availed themselves/itself of any right to terminate the Settlement pursuant to sections 12-14 herein;

b.      the Settlement is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

c.      entry of an Order and Final Judgment containing the paragraphs set forth in sections 4(a), (b), (e), (f), (g), (h) and (i) above; and

d.      the time for appeal from the Court's approval of the Settlement as described in 5(b) hereof and entry of an Order and Final Judgment as described in 5(c) hereof has expired or, if appealed, either all such appeals shall have been dismissed prior to resolution by the appellate court or approval of this Settlement Agreement and final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and the Order and Final Judgment and affirmance is no longer subject to further appeal or review, by certiorari, rehearing or otherwise;

e.      **provided, however,** and for the avoidance of doubt, that a modification or reversal on appeal of any amount of the fees and expenses awarded by the Court from the Settlement Fund, or the amount of Compensation Awards to the Class Representatives, shall not prevent the Settlement from becoming final and effective.

6.      <u>Settlement Consideration.</u>  Subject to the provisions hereof, and in full, complete and final settlement of the Action, and the claims of the Class and all Class Members, Ahold shall pay **two hundred and ninety seven million dollars ($297,000,000)** (the "Settlement Amount") in total.  Within 10 business days after entry by the Court of the Order and Final Judgment, Ahold shall pay the Settlement Amount to an escrow account (the "Settlement Fund"), held and administered by an Escrow Agent (the "Escrow Agent") to be selected by Class Counsel on terms to be agreed between Class Counsel and the Escrow Agent ("Escrow Agreement") with the consent of Ahold and US Foods (which consent shall not be unreasonably withheld) and approval of the Court (the "Payment").  Except as provided for in section 10.4 below, the Settlement Fund shall remain in escrow until the Effective Date as defined in section 5 of this Agreement.

6.1     <u>Allocation Of Consideration.</u>  The Settlement Amount is in payment for claims concerning alleged overcharges for food products under cost-plus contracts, and interest, and shall not constitute any penalty, exemplary, punitive or other extra-contractual damage. The Settlement Amount shall be apportioned to principal and interest, calculated as of the date of entry of the order of final judgment.  For purposes of this Settlement, the Parties agree that Connecticut's prejudgment interest rate of 10% shall be used for such apportionment. The calculation of the allocation, assuming that the Order and Final Judgment will be entered on December 2, 2014, is set forth in the side letter referred to in paragraph 12.2 below.

6.2     Ahold and US Foods shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund.   The Settlement Fund shall be established and administered pursuant to the Escrow Agreement.  The Settlement Fund is the total amount that Ahold and US Foods will pay under this Settlement Agreement in exchange for release of the Released Claims (as defined in

section 11 herein), including without limitation funds to satisfy claims by the Class, attorneys' fees and costs, any Court-approved payments to the Class Representatives, payment of any and all administrative and notice expenses associated with the Action, the Settlement Fund, the escrow account, or this Settlement.

6.3     It is intended that the escrow account shall be at all times a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and that the "administrator" of the Settlement Fund, within the meaning of Treas. Reg. § 1.468B-2(k), shall comply with all applicable requirements, which shall include, without limitation,

a.         preparing a "Regulation Section 1.468B-3 Statement" pursuant to Treas. Reg. § 1.468B-3(e) on behalf of Ahold and US Foods and providing copies to Counsel for Ahold and US Foods for review and approval (which approval shall not be unreasonably withheld); and

b.         preparing and timely filing on behalf of the Settlement Fund (i) such income tax and other returns and statements as are required to comply with Treas. Reg. § 1.468B-2 and the other applicable provisions of the Internal Revenue Code of 1986, as amended (the "Code"), and (ii) all necessary state, local and foreign tax returns.

6.4     Any taxes due as a result of income earned by the Settlement Fund will be imposed upon and paid from the Settlement Fund.  Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved Compensation Award to the Class Representatives and payment of any and all administrative and notice expenses associated with the Action, the Settlement Fund, the escrow account or Settlement.  Ahold and US Foods shall have no

9

liability, obligation or responsibility for any such taxes, costs, expenses, or for any reporting requirements relating thereto.  Ahold's transfer of the Settlement Fund to the escrow account described above shall constitute full and complete satisfaction of Ahold's and US Foods' obligations under this section 6. Ahold and US Foods shall not have any liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund after such transfer.  Notwithstanding any effort, or failure, of the administrator of the Settlement Fund and the parties to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Section 1.468B-1 of the Treasury Regulations effective as of the date hereof, any tax liability, interest or penalties incurred by Ahold and US Foods resulting from income earned by the Settlement Fund (or the receipt of any payment under this section) shall be reimbursed from the Settlement Fund in the amount of such tax liability, interest or penalties upon Ahold's and/or US Foods' written request to the administrator of the Settlement Fund.

7.    Full Satisfaction: Limitation of Interest and Liability.  The Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Ahold and US Foods of all claims that are released herein.  The Class Members shall not under any circumstances be entitled to any further compensation from Ahold or US Foods with respect to any claims released herein.  In the event that the Settlement becomes final and effective pursuant to section 5 herein, the Settlement Fund will fully satisfy any and all Released Claims (as defined in section 11 herein).  Except as provided by order of the Court, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

8.    Reimbursement of Costs, Fees and Expenses.  The Class Representatives and Class Counsel will be reimbursed and indemnified solely out of the Settlement Fund for all costs, fees and expenses including, but not limited to, the costs of Settlement Notice and administration of the Settlement Fund and attorneys' fees and expenses.  Ahold and US Foods shall not be liable

for any costs, fees or expenses of any Class Members, Class Representatives, or of any Class Members' or Class Representatives' attorneys, experts, consultants, advisors, agents and representatives. Any such costs, fees and expenses, to the extent approved and awarded by the Court, shall be paid out of the Settlement Fund.

      9.    <u>Disbursement of the Settlement Fund</u>.

      9.1    The Settlement Fund shall be disbursed as ordered by the Court. The balance of the Settlement Fund after the payment of attorneys' fees, costs, and expenses, taxes, Compensation Awards, and costs of notice and administration of the Settlement and Settlement Fund, shall be distributed to Class Members pursuant to a plan of allocation (the "Plan of Allocation") approved by the Court. The proposed Plan of Allocation shall be determined by the Class Representatives and Class Counsel, subject to Ahold's and US Foods' approval, which shall not be unreasonably withheld. Any dispute as to whether Ahold or US Foods is unreasonably withholding such approval shall be submitted to mediation before the Hon. Layn R. Phillips, who shall have authority to decide the dispute. Ahold and US Foods shall have no liability or responsibility with respect to disbursements from the Settlement Fund. The proposed Claims Administrator shall be selected by Class Counsel subject to the agreement of Ahold and US Foods.

      9.2    The Plan of Allocation proposed by the Class Representatives is not a necessary term of this Agreement and it is not a condition of this Agreement that any particular Plan of Allocation be approved. Any decision by the Court otherwise concerning the Plan of Allocation shall not affect the validity or finality of this Agreement.

      9.3    Any Class Member who does not submit a valid proof of claim will not be entitled to receive any of the proceeds from the Settlement Fund, but otherwise will be bound by all of the terms of this Agreement,

including the terms of the Order and Judgment and the releases provided for herein, and will be barred and enjoined from bringing any action against the Released Parties, as set forth in Section 11.5 hereof.

9.4     All Proofs of Claim must be submitted by the date specified in the notice unless such period is extended by order of the Court.  Any Class Member who fails to submit a proof of claim by such date shall be forever barred from receiving any payment pursuant to this Agreement, but shall in all other respects be bound by all of the terms of this Agreement, including the terms of the order and judgment and the releases provided for herein, and will be barred from bringing any action against the Released Parties.

9.5     Neither Ahold nor US Foods shall be entitled to get back any of the settlement monies paid after the Effective Date except as may be applicable pursuant to the side letter identified in Section 12.2 herein.

9.6     Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Class Member's claim

9.7     Payment pursuant to this Agreement shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved shall be barred from participating in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement, including the terms of the Order and Final Judgment, including the releases provided for herein, and will be barred from bringing any action against the Released Parties.

10.     Attorneys' Fees, Expenses and Costs.

10.1   Class Counsel intend to seek solely from the Settlement Fund, for distribution to Class Counsel, attorneys' fees of up to one third of the total Settlement Fund.  In addition, Class Counsel intend to seek solely from the Settlement Fund, for distribution to Class Counsel, reimbursement of reasonable costs and

expenses incurred in the prosecution of the Action.  The Settlement is not conditioned on an award of attorneys' fees or reimbursement of Class Counsel's costs and expenses.  Ahold and US Foods shall not be required to make any additional payment in connection with any award of attorneys' fees or reimbursement of costs and expenses.

10.2    Class Counsel may seek payment of reasonable Compensation Awards, not to exceed $50,000, for each Class Representative, as noted in section 4(c) above.

10.3    Provided that they do not exceed the amounts set forth in this Settlement Agreement, Defendants agree to take no position with respect to the application by Class Counsel for the attorneys' fees and expense payments or Compensation Awards set forth above.

10.4    Subject to and conditioned on the terms of the second, third and fourth sentence of this section 10.4, if approved by the Court, the attorneys' fees and expenses as awarded by the Court shall be paid, within three days of Class Counsel's request, from the Settlement Fund to Class Counsel, notwithstanding the existence of any filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  In the event (i) the Order and Final Judgment is not approved on appeal, Class Counsel shall, within three days, remit to Ahold, an amount equal to the payment of attorneys' fees and expenses from the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, or (ii) the award of attorneys' fees and expenses is modified or reversed, Class Counsel shall, within three days, remit to the Settlement Fund, an amount equal to the payment of attorneys' fees and expenses from the Settlement Fund or the amount of the reduction of the award of attorneys' fees and expenses, in each case plus accrued interest at the same net rate as is earned by the Settlement Fund.  Payment as set for forth in the first sentence of this section 10.4 is

conditioned on Class Counsel earlier delivering to Ahold (i) a fully-bonded undertaking in a form satisfactory to Ahold issued by a financial institution with a minimum A. M. Best rating of A VII Excellent, or otherwise approved by Ahold in its sole discretion, (ii) for a period as long as until all appeals of the Order and Final Judgment and all rights to petition for review, including by certiorari, rehearing or otherwise, have been resolved upholding the validity of the Order and Final Judgment and/or the award of attorneys' fees and expenses or have otherwise expired, (iii) for the full amount of attorneys' fees and expenses awarded by the Court, (iv) to satisfy any obligation by Class Counsel to make any refunds or repayments to the Settlement Fund, plus interest, as set forth in the preceding sentence.  Neither Ahold nor US Foods shall have any obligation or liability to the Class with respect to any shortfall arising from Class Counsel's failure to reimburse the Settlement Fund based upon their receipt of funds pursuant to this Section 10.4.

11.    <u>Release</u>.

11.1    The "Class Member Releasing Parties" are all Class Members and any of their respective past, present and future parents, subsidiaries, divisions, business units and affiliates, agents, successors, attorneys, heirs, executors, and administrators and officers, directors and employees acting in that capacity..

11.2    Upon the Settlement Agreement becoming effective in accordance with section 5 herein, in consideration of the mutual promises made in this Settlement Agreement and the benefits extended to the Class pursuant to this Settlement Agreement, all Class Member Releasing Parties release and forever discharge the Defendant Released Parties (as defined in section 11.3 below) from any and all Class Member Released Claims (as defined in section 11.4 below).

11.3    The "Defendant Released Parties" are Ahold and US Foods, and any of their respective past, present and future parents, subsidiaries, divisions, business

14

units, associated and affiliated companies, agents, directors, officers, members, general partners, limited partners, employees, affiliates, subsidiaries, divisions, representatives, advisors, attorneys, associates, associations, consultants, successors, shareholders, heirs, executors, and administrators.

11.4   The "Class Member Released Claims" are any and all past or present liabilities, claims, demands, obligations, suits, damages, levies, executions, judgments, debts, charges, actions, or causes of action, at law or in equity, whether known or unknown, contingent or absolute, suspected or not suspected, disclosed or undisclosed, hidden or concealed, matured or not matured, that (a) have been or could have been asserted in the Action, or in any other complaint filed in or transferred to the MDL, by or on behalf of any Class Member Releasing Parties, whether individual, class, legal or equitable, against any of the Defendant Released Parties, or (b) relate in any way to any purchase from USF allegedly made pursuant to a cost-plus arrangement where a VASP was involved in any way in the transaction and that have been or could have been asserted in any federal, state, local or foreign court, tribunal, or proceeding by or on behalf of any Class Member Releasing Parties, whether individual, class, legal or equitable, against any of the Defendant Released Parties .

11.5   The Class and the Class Members, for themselves and their respective Class Releasing Parties hereby covenant and agree that they shall not, hereafter, seek to establish liability against any Defendant Released Party based, in whole or in part, on any of the Class Released Claims.

11.6   In addition, each Class Member, for itself and its respective Class Member Releasing Parties, hereby expressly waives and releases, upon the Settlement becoming effective pursuant to section 5 herein, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

15

Section 1542. General Release – Claims Extinguished. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or any other jurisdiction or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code, including, without limitation, Mont. Code Ann. § 28-1-1602, S.D. Codified Laws § 20-7-11, N.D. Cent Code § 9-13-02, and 18 Guam Code Ann. § 82602.   The Class Members may hereafter discover facts other than or different from those which they know or believe to be true with respect to the claims that are the subject matter of this section, but each Class Member, for itself and its respective Releasing Parties, hereby expressly waives and fully, finally and forever settles and releases, upon the Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

    11.7    Class Counsel and the Claims Administrator will ensure that the Notice to class members shall advise each Class Member of the release set forth in section 11 hereof,

12.    <u>Settlement Termination: Requests To Be Excluded From Class</u>.

    12.1    On a mutually agreeable schedule and in a mutually agreeable manner, Class Counsel will inform counsel for Ahold and US Foods if any Class Member requests exclusion from the Class.

    12.2    Ahold and US Foods have the absolute and unconditional right, in their sole discretion, to terminate the Settlement and Settlement Agreement if the Class Members filing valid requests for exclusion ("Opt-Outs") from the Class represent more than the percentage agreed upon by the parties (as set forth in a side letter dated of even date as this Settlement Agreement) (the "Opt-Out

Termination Percentage") of the compensable volume of US Foods' sales satisfying the Class definition set forth in section 1 herein.

12.3    Within ten days of the exclusion deadline, the Claims Administrator shall send by email to Ahold and US Foods copies of all requests for exclusion.  Ahold and US Foods may terminate the Settlement pursuant to the foregoing Section 12.2 above by providing written notice (which may be by electronic mail) to the undersigned Class Counsel within the later of twenty (20) calendar days *after* the deadline for Class Members to Opt Out of the Class or ten (10) calendar days from receipt from the Claims Administrator of the requests for exclusion.  The Parties shall not schedule a deadline for Opt-Outs that is less than thirty (30) days prior to the Court hearing on final approval of the Settlement.

12.4    If Ahold and US Foods terminate the Settlement, the Settlement Agreement shall be cancelled and terminated pursuant to section 14 herein.

12.5    In the event that the right of Ahold and US Foods to terminate the Settlement and Settlement Agreement pursuant to this Section 12 is triggered, but Ahold and US Foods do not exercise that right, the Parties may agree to reduce the Settlement Amount by a percentage equal to the difference between (a) the percentage of compensable volume of US foods' sales satisfying the Class definition represented by the Opt-Outs and (b) the Opt-Out Termination Percentage.

13.    Effect of Disapproval.  If the Court declines to finally approve the Settlement or Plan of Distribution, or if such approval is reversed, vacated, or otherwise modified on appeal, or if the Court does not enter the final judgment in substantially the form provided for in section 4(a), (b), (e), (f), (g), (h) and (i), or if the Court enters the Order and Final Judgment and appellate review is sought, and on such review, such final judgment is reversed, vacated or modified, then this Settlement Agreement shall be terminated upon the election of either (a)

Class Counsel, or (b) Ahold and US Foods; provided, however, for the avoidance of doubt, that any reversal, vacating, or modification on appeal of any amount of the fees and expenses, or Compensation Awards, awarded by the Court from the Settlement Fund or any determination by the Court to award less than the amount requested in attorneys' fees or costs, or Compensation Awards, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement.

14.   Termination. In the event that the Settlement is terminated pursuant to section 12 or 13 herein, or for any other reason does not become effective in accordance with the terms of section 5 herein, then

a.      this Settlement Agreement and all negotiations and proceedings and releases relating thereto shall be without prejudice as to the rights of any and all Parties to this Settlement Agreement, and the Parties to this Agreement shall be restored to their respective positions existing as of May 20, 2014;

b.      this Settlement Agreement shall be of no force or effect, except as provided in section 14(e);

c.      the Settlement Fund, including, any and all interest earned thereon, shall be returned to Ahold, less only the amount validly disbursed for the costs incurred in giving notice to the Class and administering the Settlement Fund during the interim period;

d.      the Parties shall jointly move that any order entered pursuant to this Agreement be vacated and void and all findings withdrawn.

e.      the following sections of this Agreement shall survive termination of this Agreement:  15, 26, 27, and 28.

15.   Preservation of Rights. The Parties agree that this Settlement Agreement, whether or not it shall become effective pursuant to section 5 herein, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by

18

US Foods, or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding.  The Parties expressly reserve all of their rights and defenses if the Settlement does not become final and effective in accordance with the terms of this Settlement Agreement.

16.     <u>Binding Effect</u>.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and to the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Class Representatives and their counsel shall be binding upon all Class Members.

17.     <u>No Third Party Beneficiaries</u>.  This Settlement Agreement shall not expand the rights of any persons who are not Parties hereto, or who are not Class Members or Released Parties, and no person who is not a Party to this Agreement, or a Class Member or a Released Party, shall acquire any rights hereunder, whether as a purported third party beneficiary or otherwise.

18.     <u>Integrated Agreement</u>. This Settlement Agreement constitutes the sole and entire agreement among the Parties with regard to the subject of this Settlement Agreement and the Released Claims and supersedes any prior negotiations, representations, term sheets (including the term sheet dated May 20, 2014), promises or warranties (oral or otherwise) made by any Party or its agents, attorneys, employees or representatives concerning the subject of this Settlement Agreement.  No Party shall be liable or bound to any other Party for any prior negotiation, representation, term sheet, promise or warranty (oral or otherwise) except for those expressly set forth in this Settlement Agreement.

19.     <u>No Oral Modification</u>.  This Settlement Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.  A Party's waiver or failure to enforce any provision of this Settlement Agreement shall not constitute a waiver of that or any other provision.

20.     <u>Headings</u>. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

21.     <u>No Party Is the Drafter</u>.   All Counsel to all Parties hereto have materially participated in the drafting of this Settlement Agreement.   None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

22.     <u>Choice of Law</u>.   This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Connecticut applicable to contracts agreed upon and to be performed in the State of Connecticut, and without regard to any applicable conflicts of law principles that would otherwise call for the application of the law of a different State.

23.     <u>Consent to Jurisdiction and Choice of Exclusive Forum</u>.   Except as set forth in Section 9.1 herein, any and all disputes arising out of or related to the Settlement or the Settlement Agreement must be brought by Ahold, US Foods, the Class, or any Class Member exclusively in the United States District Court for the District of Connecticut, except that this section shall not prohibit (a) any Released Party from asserting in the forum in which a claim is brought in violation of this section that the release herein is a defense, in whole or in part, to such claim, or (b) in the event that such a defense is asserted in that forum and this Court determines that it cannot bar the claim, the determination of the merits of the defense in that forum.   Each Class Member hereby irrevocably submits to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement or the Settlement Agreement or the applicability or interpretation of this Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein.

24.     <u>Enforcement of Settlement</u>.   Nothing in this Settlement Agreement prevents Ahold and US Foods and any Released Parties from enforcing or asserting any release herein, subject to the provisions of sections 12, 13 and 14 herein.   Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted by the Class or any Class Member with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

25.     <u>Authorization to Act on Behalf of the Class Representatives and the Class</u>. The undersigned counsel represent that they have been and are fully authorized to conduct settlement negotiations with counsel for Ahold and US Foods on behalf of the Class Representatives and the Class, and to enter into, and execute, this Settlement Agreement on behalf of Class Representatives and the Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

26.     <u>No Admission</u>.   Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding, of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Ahold, US Foods, the Class or any Class Member, including without limitation that US Foods or Ahold engaged in any conduct or practices that give rise to liability under RICO or any other law, or that constitute a breach of US Foods' contracts with Class Members.

27.     The Parties expressly acknowledge and agree that this Settlement Agreement, along with all related drafts, motions, court papers, conversations, negotiations, mediations and correspondence, including statements made in mediations or written submissions to the mediator, constitute an offer to compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any comparable State or common law rule.

28.     Except as provided in section 29, neither the Settlement, including the fact and the amount of the Settlement, nor the Settlement Agreement, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or

proceeding in connection with the negotiation, execution or implementation of the Settlement or the Settlement Agreement, shall be admissible in evidence or be discoverable or used, directly or indirectly, in any way against any of the Parties in the Action or in any other action or proceeding for any purpose.

29.     Notwithstanding the foregoing section 28, this Settlement Agreement, any order granting preliminary or final approval to this Settlement Agreement and any appellate decision affirming final judgment is admissible as provided in this section 29.

29.1   This Settlement Agreement is admissible by any of the Parties or Released Parties for the purpose of obtaining approval of, implementing and/or enforcing this Agreement.

29.2   This Settlement Agreement, and any order granting preliminary or final approval of this Settlement Agreement, any appellate decision affirming final judgment, and any proceedings and submissions in connection with this Settlement Agreement are admissible for purposes of determining Class Counsel's application for attorneys' fees and costs or in connection with any appeal of an award of Class Counsel's attorneys' fees and costs in this Action.

29.3   This Settlement Agreement, any order granting preliminary or final approval to this Settlement Agreement and any appellate decision affirming final judgment, may be pleaded by Ahold, US Foods and/or the Released Parties as a defense (including any defense based upon release, res judicata, or injunction) to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims; and this Settlement Agreement, any order granting preliminary or final approval to the Settlement  and any appellate decision affirming the Order and Final Judgment, or any other proceedings in connection therewith, may be filed, offered or submitted by Ahold, US Foods and/or the Released Parties or otherwise used in support of such defense.

30.   <u>Non-Disparagement</u>.   Neither Class Counsel nor Class Representatives will criticize, denigrate, disparage or impair the commercial reputation, goodwill or interests of US Foods or Ahold or their respective officers, directors, employees, shareholders, attorneys or representatives in any public statements about the Settlement or concerning the allegations and claims that were made or could have been made in the Action.   Class Counsel and Class Representatives shall coordinate with counsel for Ahold and US Foods with respect to the timing of any public statements about the Settlement.

31.   <u>Return of Discovery Materials</u>:   Except to the extent that documents have previously been publicly disclosed or used in the context of a public court proceeding, the Parties agree that, within 30 calendar days after the Effective Date, the Parties will return to the relevant Party any materials produced by that Party in discovery in the Actions, or alternatively, provide an affidavit that all such materials have been destroyed.   As used herein, the term "materials" refers inclusively to documents, both paper and electronic, depositions, deposition exhibits, CDs, DVDs, data compilations, photographs and videotapes, of every sort, as well as all copies of any such materials.   If material required to be returned pursuant to this section has been scanned, transferred or otherwise input into any electronic database or network by the Parties, the material must be deleted from such database or network and the Party required to make such deletion shall provide an affidavit to the Party that produced the material in discovery attesting to the material's deletion from the database or network.   This section 30 shall not apply to any materials that a Party is required to retain by law or court order.

32.   <u>Execution in Counterparts</u>.   This agreement may be executed in counterparts. Facsimile or PDF signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this agreement and filed with the Court.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**For Koninklijke Ahold N.V. and**
**US Foods, Inc. f/k/a U.S. Foodservice, Inc.**

By:_____
Glenn Kurtz
White & Case LLP


By:_____
Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP


**For the Class Representatives and the**
**Class:**


By:_____
Richard Wyatt
Hunton & Williams LLP


By:_____
Joe R. Whatley, Jr.
Whatley Kallas LLP


By:_____
James E. Hartley, Jr.
Drubner Hartley & Hellman, LLC


By:_____
R. Laurence Macon
Akin Gump Strauss Hauer & Feld LLP

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**For Koninklijke Ahold N.V. and**
**US Foods, Inc. f/k/a U.S. Foodservice, Inc.**

By:_____
Glenn Kurtz
White & Case LLP

By:_____
Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP

**For the Class Representatives and the**
**Class:**

By:_____
Richard Wyatt
Hunton & Williams LLP

By:_____
Joe R. Whatley, Jr.
Whatley Kallas LLP

By:_____
James E. Hartley, Jr.
Drubner Hartley & Hellman, LLC

By:_____
R. Laurence Macon
Akin Gump Strauss Hauer & Feld LLP

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**For Koninklijke Ahold N.V. and**
**US Foods, Inc. f/k/a U.S. Foodservice, Inc.**

By:_____
Glenn Kurtz
White & Case LLP


By:_____
Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP


**For the Class Representatives and the**
**Class:**

By: _____
Richard Wyatt
Hunton & Williams LLP


By:_____
Joe R. Whatley, Jr.
Whatley Kallas LLP


By:_____
James E. Hartley, Jr.
Drubner Hartley & Hellman, LLC


By:_____
Laurence Macon
Akin Gump Strauss Hauer & Feld LLP

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**For Koninklijke Ahold N.V. and**
**US Foods, Inc. f/k/a U.S. Foodservice, Inc.**

By:_____
Glenn Kurtz
White & Case LLP


By:_____
Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP


**For the Class Representatives and the**
**Class:**

By:_____
Richard Wyatt
Hunton & Williams LLP

By:_____
Joe R. Whatley, Jr.
Whatley Kallas LLP


By:_____
James E. Hartley, Jr.
Drubner Hartley & Hellman, LLC


By:_____
R. Laurence Macon
Akin Gump Strauss Hauer & Feld LLP

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**For Koninklijke Ahold N.V. and**
**US Foods, Inc. f/k/a U.S. Foodservice, Inc.**

By:_____
Glenn Kurtz
White & Case LLP


By:_____
Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP


**For the Class Representatives and the**
**Class:**

By:_____
Richard Wyatt
Hunton & Williams LLP


By:_____
Joe R. Whatley, Jr.
Whatley Kallas LLP

By:_____
James E. Hartley, Jr.
Drubner Hartley & Hellman, LLC

By:_____
Laurence Macon
Akin Gump Strauss Hauer & Feld LLP

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**For Koninklijke Ahold N.V. and**
**US Foods, Inc. f/k/a U.S. Foodservice, Inc.**

By:_____
Glenn Kurtz
White & Case LLP


By:_____
Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP


**For the Class Representatives and the**
**Class:**


By:_____
Richard Wyatt
Hunton & Williams LLP


By:_____
Joe R. Whatley, Jr.
Whatley Kallas LLP


By:_____
James E. Hartley, Jr.
Drubner Hartley & Hellman, LLC


By: *R. Laurence Macon*
R. Laurence Macon
Akin Gump Strauss Hauer & Feld LLP

# EXHIBIT
# B

*In re U.S. Foodservice, Inc. Pricing Litigation*
Claims Administrator
P.O. Box 808054
Petaluma, CA 94975-8054

Presorted
First-Class Mail
US Postage
**PAID**
Gilardi & Co

## COURT-AUTHORIZED NOTICE
## OF CLASS ACTION

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**Our records indicate you were a customer of U.S. Foodservice, Inc. between 1998 and 2005. You may be entitled to benefits from a class action settlement.**

**Please Read This Notice Regarding Your Rights and Options Carefully.**

**For more information:**
**dial 1-877-319-2470 or visit**
**www.usfoodservicepricinglitigation.com**

2D



Postal Service: Please Do Not Mark Barcode

FDSV1-<<Claim7>>-<<CkDig>>

<<FName>> <<LName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>

# FDSV1

**IF YOU PURCHASED PRODUCTS FROM U.S. FOODSERVICE, INC. (NOW KNOWN AS US FOODS, INC.) UNDER A COST-PLUS ARRANGEMENT BETWEEN 1998 AND 2005, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

A settlement has been proposed between the plaintiffs and U.S. Foodservice, Inc., now known as US Foods, Inc. ("USF"), in a class action lawsuit pending in the United States District Court for the District of Connecticut about USF's pricing practices. The total settlement amount is $297 million. These settlement funds will be used to pay claims of USF customers who purchased products under a cost-plus arrangement between 1998 and 2005, where a "value-added service provider," or "VASP," was used to calculate the sale price. If you qualify, you may send in a claim form to get benefits under the settlement. You also have the right to exclude yourself from or object to the settlement.

**Who's included?** You are a Class Member and could get benefits if you purchased products from USF pursuant to an arrangement that defined a sale price in terms of a cost component plus a markup, and for which USF used a VASP transaction to calculate the cost component. The relevant time period is between 1998 and 2005, so if you purchased goods from USF pursuant to a cost-plus arrangement during that time, you may be eligible to receive benefits. If you're not sure if you are included, you can get more information, including a detailed notice, at www.usfoodservicepricinglitigation.com or by calling toll free 1-877-319-2470.

**What's this about?** The lawsuit claimed that USF used middle-man companies called VASPs to improperly overstate the purported "cost" of goods and to overbill its cost-plus customers. USF denies that it did anything wrong. The Court did not decide which side was right. Both sides agreed to the settlement to resolve the case and get benefits to USF customers.

**What does the settlement provide?** A fund of $297 million has been created to compensate Class Members and pay certain fees and expenses that may be awarded by the Court. A Proposed Settlement Agreement, available at the website below, describes the details. You can only participate in the settlement fund if you file a claim form. Your share of the fund will depend on the number of Class Members that submit valid claim forms, how much you purchased from USF, and how many of your purchases involved the use of a VASP invoice to calculate the sale price.

**How do you ask for a payment?** To get payment, you must qualify and submit a claim form by the later of **Dec. 19, 2014 or seven days after the Court enters an order of final approval of the settlement.** To file a claim, visit the website below, enter the claim number printed on the other side of this card, and your claim amount will be calculated for you. You can then submit a claim online or submit additional proof of your purchases if you disagree with the pre-calculated amount. You can also request a hard-copy detailed notice and claim package that contains everything you need.

**What are your other options?** If you don't want to be legally bound by the settlement and the releases it entails, you must exclude yourself by **Sept. 25, 2014**, or you won't be able to sue, or continue to sue, USF about the legal claims in this case. If you exclude yourself, you cannot get money from this settlement. If you do not exclude yourself, but disagree with the settlement, you may object to it by **Sept. 25, 2014**. The detailed notice available at www.usfoodservicepricinglitigation.com explains how to exclude yourself or object. The Court will hold a hearing in this case on **Dec. 9, 2014**, to consider whether to approve the settlement and grant a request by the lawyers representing all Class Members for an award of attorney's fees of up to 33.3% of the settlement fund plus reimbursement expenses, for investigating the facts, litigating the case, and negotiating the settlement. The fees and expenses will be paid from the settlement fund. You may appear at the hearing or have your own attorney enter an appearance with the court on your behalf, but it is not required.

**For more information:** Call toll free **1-877-319-2470**, visit the website **www.usfoodservicepricinglitigation.com**, or write to **In re U.S. Foodservice, Inc. Pricing Litigation**, **Claims Administrator, P.O. Box 8060, San Rafael, CA 94912-8060**.

# EXHIBIT C

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

# If you purchased products from U.S. Foodservice, Inc. (now known as US Foods, Inc.) under a cost-plus arrangement between 1998 and 2005, you could get payment from a class action settlement.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- A settlement fund will pay claims of customers who purchased products from U.S. Foodservice, Inc., now known as US Foods, Inc. ("USF"), between 1998 and 2005 under a cost-plus purchasing arrangement and for which a Value-Added Service Provider ("VASP") invoice was used in calculating the sales price for the transaction.  The total amount of the settlement fund is $297 million, less certain fees and expenses that the Court may order.

- The settlement resolves a lawsuit over whether USF breached its contracts with its cost-plus customers and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").  It also avoids costs and risks from continuing the lawsuit, pays money to customers, and releases USF from liability.

- Court-appointed lawyers for customers will ask the Court for an award of expenses as compensation for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money customers could have won if the case had gone to trial.

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get payment. |
| **EXCLUDE YOURSELF** | Get no payment.  Choosing to exclude yourself will allow you to be part of another lawsuit against USF about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.  To ask to be excluded from the class settlement, you must act before **September 25, 2014**.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS

**Basic Information**................................................................................................................2
1.  What is the purpose of this notice?.................................................................................2
2.  What is this lawsuit about?..............................................................................................2
3.  What is a class action and who is involved?...................................................................2
4.  Why is there a settlement?..............................................................................................2

**Who is in the Settlement**.....................................................................................................2
5.  How do I know if I am part of the settlement?.................................................................2
6.  Are some USF customers not included?.........................................................................3
7.  I'm still not sure if I'm included.......................................................................................3

**The Settlement Benefits – What You Get** .........................................................................3
8.  What does the settlement provide?.................................................................................3
9.  How much will my payment be?......................................................................................3

**How You Get a Payment – Submitting a Claim Form** ......................................................3
10. How can I get a payment? .............................................................................................3
11. When would I get my payment?.....................................................................................3
12. What am I giving up to get a payment or stay in the Class?..........................................3

**Excluding Yourself from the Settlement**...........................................................................4
13. How do I get out of the settlement?...............................................................................4
14. If I don't exclude myself, can I sue USF for the same thing later?................................4
15. If I exclude myself, can I get money from this settlement?............................................4

**The Lawyers Representing You** ...................................................................................................... 4
16. Do I have a lawyer in this case? ...................................................................................................... 4
17. How will Class Counsel be paid? .................................................................................................... 5

**Objecting to the Settlement** ........................................................................................................ 5
18. How do I tell the Court that I don't like the settlement? ............................................................... 5
19. What's the difference between objecting and excluding? ............................................................. 5

**The Court's Fairness Hearing** ................................................................................................... 5
20. When and where will the Court decide whether to approve the settlement? ................................. 5
21. Do I have to come to the hearing? ................................................................................................. 5
22. May I speak at the hearing? ........................................................................................................... 6

**If You Do Nothing** ......................................................................................................................... 6
23. What happens if I do nothing at all? .............................................................................................. 6

**Getting More Information** ........................................................................................................... 6
24. Are more details available? ............................................................................................................ 6

## BASIC INFORMATION

| 1. | What is the purpose of this notice? |
|---|---|

The purpose of this Notice is to inform you about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court ("Claims Administrator") will distribute the payments that the settlement allows. You will be kept informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Alvin W. Thompson of the United States District Court for the District of Connecticut (the "Court") is overseeing this class action. The lawsuit is known as *In re U.S. Foodservice, Inc. Pricing Litigation*, No. 3:07-md-1894(AWT) (D. Conn.).

| 2. | What is this lawsuit about? |
|---|---|

The lawsuit is about whether USF, between 1998 and 2005, improperly inflated the purported "cost" of goods it sold to its customers with cost-plus purchasing arrangements, and thereby breached its contracts with those customers and violated federal Racketeer Influenced and Corrupt Organizations Act ("RICO") laws. USF denies that it did anything wrong.

| 3. | What is a class action and who is involved? |
|---|---|

In a class action lawsuit, one or more companies, called "Class Representatives" (in this case, Waterbury Hospital, Frankie's Franchise Systems, Inc., Catholic Healthcare West, and Thomas & King, Inc.), sue on behalf of other companies who have similar claims. All of the companies together are a "Class," and each company is a "Class Member." The companies who sued, and all the Class Members, are collectively called "the Plaintiffs." The company they sued (in this case, USF) is called "the Defendant." One court resolves the issues for everyone in the Class, except for those who choose to exclude themselves from the Class. The Class is represented by attorneys approved by the Court, called "Class Counsel."

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of the Plaintiffs or USF. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the customers affected are certain to get compensation (unlike in a trial where there is a possibility that the plaintiffs will not get compensation). The Class Representatives and Class Counsel think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from the settlement, you have to first determine whether you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court decided that any person in the United States who purchased products from USF pursuant to an arrangement that defined a sale price in terms of a cost component plus a markup ("cost-plus arrangement"), and for which USF used a VASP transaction to calculate the cost component, is a Class Member. If you purchased products from USF pursuant to a cost-plus arrangement at any time during the period of 1998 through 2005, when the alleged VASP system was in place, you may be a member of the certified Class. The alleged VASPs were (i) Seafood Marketing Specialists, Inc., (ii) Frozen Farms, Inc., (iii) Produce Solutions, Inc., a/k/a Cross Valley Produce, Inc., (iv) Private Labels Distribution, Inc., a/k/a Private Brands Distribution, Inc., (v) Specialty Supply & Marketing, Inc., and (vi) Commodity Management Systems, Inc.

| 6. | Are some USF customers not included? |
|---|---|

You are NOT a Class Member if you purchased products from USF between 1998 and 2005, but did NOT have an agreement with USF (either written or oral) that your price would be calculated based on a cost for the product plus an agreed-upon markup, margin, or per case fee, or if you had such an agreement but you did not make purchases from USF for which a VASP invoice was used to calculate the price.

| 7. | I'm still not sure if I'm included. |
|---|---|

If you are unsure whether you are included, you can ask for **free** help.  You can call **1-877-319-2470** or visit www.usfoodservicepricinglitigation.com for more information.  Or you can fill out and return the claim form described in Question 10 below, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the settlement provide? |
|---|---|

A fund of $297 million has been created to compensate Class Members and pay certain fees and expenses that may be awarded by the Court.  This fund will be reduced by payments to Class Counsel, reimbursement of expenses, and payments to the Claims Administrator.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the number of Class Members that submit valid claim forms, how much you purchased from USF, and how many of your purchases used a VASP transaction to calculate the invoice price.  Here's how it works:

USF and its former parent company, Royal Ahold N.V. ("Ahold"), have agreed to settle the Plaintiffs' claims for $297 million.  Part of the settlement money will be used to compensate the Class Counsel, to provide incentive awards to the Class Representatives for the time they spent pursing claims on behalf of the Class, and to pay the Claims Administrator.  After those deductions, the entire balance of the settlement fund will be distributed to Class Members who file valid claim forms on a pro rata basis, based on Class Members' cost-plus/VASP purchase amounts.  None of the settlement fund will revert to USF.

Pursuant to Paragraph 12 of the parties' settlement agreement, available at www.usfoodservicepricinglitigation.com, Ahold and USF have a right to terminate the settlement if exclusions, also known as "opt outs," exceed a certain percentage.  If this provision is triggered, but Ahold and USF do not exercise that right, the parties may agree to reduce the settlement amount by a percentage equal to the difference between (a) the percentage of compensable volume of USF's sales satisfying the Class definition represented by the opt-outs, and (b) the opt-out termination percentage, as defined in the settlement agreement.

When you access the claim form on www.usfoodservicepricinglitigation.com, you will have an opportunity to enter your unique identifying number (which was listed on the postcard notice sent to you by U.S. Mail), or other identifying information.  As long as the Claims Administrator has records of your purchases, a claim amount will be calculated for you.  If you agree with the amount, you can accept it, and if not, you may submit additional evidence about your claims.

The claim amount calculated for you will be based on how many purchases you made under a cost-plus arrangement where a VASP invoice was used to calculate the final sale price to you, as shown in USF's records.

If the Claims Administrator does not have records of your purchases, or if you believe the Claims Administrator has incorrectly calculated the value of your qualifying purchases, then you may submit a claim with supporting documentation (e.g., invoices, accounts payable data, receipts).

Once the deadline to submit claims expires, and all appeals, if any, are resolved, the Claims Administrator will distribute all the settlement money to the Class Members who have submitted valid claim forms.  More detailed information on how to submit a claim can be found in the instructions to the claim form available at www.usfoodservicepricinglitigation.com.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for payment, you must submit a claim form.  Most Class Members will submit their claim forms online.  They are available at www.usfoodservicepricinglitigation.com.  You may also request and submit a paper copy of the claim form by mail.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and submit it electronically or by U.S. Mail to the following address:

*In re U.S. Foodservice, Inc. Pricing Litigation*
Claims Administrator
P.O. Box 8060
San Rafael, CA 94912-8060

All claims must be submitted electronically or postmarked **by December 19, 2014 or 7 days after the Court enters an order of final approval of the settlement,** whichever comes later.

**11.    When would I get my payment?**

The Court will hold a hearing on **December 9, 2014** to decide whether to approve the settlement.  If the Court approves the settlement, there may be appeals.  It's always uncertain whether there will be any appeals, and the appeal process can take time, perhaps more than a year.  Everyone who sends in a claim form will be kept informed of the progress of the settlement.  Please be patient.

**12.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself in the manner set forth in Question 13, you will stay in the Class (but you will not receive payment unless you submit a claim form). This means that you cannot sue, continue to sue, or be part of another lawsuit against USF about legal issues falling within the scope of the release of claims set forth in Paragraph 11 of the settlement agreement, which is available at www.usfoodservicepricinglitigation.com and will be mailed to you along with this Notice at your request. It also means that all of the Court's orders in this lawsuit will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue USF, on your own, about the legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself or "opting out" of the class settlement.

**13.    How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by U.S. Mail stating in writing that you want to be excluded from the Class in *In re U.S. Foodservice, Inc. Pricing Litigation,* No. 3:07-md-1894(AWT) (D. Conn.).  In order to be valid, the letter also must set forth your name, address, telephone number, and the signature of you or your representative.  Your request to exclude yourself must be postmarked no later than **September 25, 2014**, and it must be mailed to the following address:

*In re U.S. Foodservice, Inc. Pricing Litigation*
Claims Administrator
P.O. Box 6002
Larkspur, CA 94977-6002

**To be valid, your opt-out request must be postmarked no later than September 25, 2014**.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) USF in the future.

**14.    If I don't exclude myself, can I sue USF for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue USF for the claims that this settlement resolves and for the claims that are released in the release statement fully set forth in Paragraph 11 of the settlement agreement.  If you have a pending lawsuit against USF, speak to your lawyer in your case immediately.  You may need to exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is **September 25, 2014**.

**15.    If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for any money, because you will not be qualified to recover.  However, you may sue, continue to sue, or be part of a different lawsuit against USF about the legal issues in *this* case.

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

The Court decided that the following law firms are qualified to represent you and all Class Members as Class Counsel:

Richard L. Wyatt, Jr.
Todd M. Stenerson
Torsten M. Kracht
Ryan P. Phair
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave. NW
Washington, D.C. 20037
(202) 955-1500

Joe R. Whatley, Jr.
Edith M. Kallas
WHATLEY KALLAS, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY 10036
(212) 447-7070

James Hartley
DRUBNER, HARTLEY & HELLMAN, LLC
500 Chase Parkway
Waterbury, CT 06708
(203) 753-9291

R. Laurence Macon
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000

Class Counsel are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.hunton.com, www.whatleykallas.com, and www.akingump.com. You will not be individually charged for these lawyers. Their compensation will be awarded separately by the Court.

If you want to be represented by your own lawyer, you may hire one at your own expense and your lawyer can enter an appearance with the Court on your behalf, but it is not required.

| **17.** | **How will Class Counsel be paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of attorneys' fees of up to 33.3% of the settlement fund, reimbursement of expenses incurred by Class Counsel in litigating this case, and payment of $50,000 each to the Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award more or less than these amounts. USF will not separately pay the fees, expenses, and Class Representative payments that the Court awards, and these amounts will reduce the $297 million available for Class Members. The settlement fund will also be reduced by the amount paid to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement as a whole or any part of it.

| **18.** | **How do I tell the Court that I don't like the settlement?** |
|---|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it or parts of it. You may specifically object to Class Counsel's application for fees. The Court will consider your views. To object, you must send a letter saying that you object to *In re U.S. Foodservice, Inc. Pricing Litigation,* No. 3:07-md-1894(AWT) (D. Conn.). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the following three places postmarked no later than **September 25, 2014**.

| **Court** |
|---|

Clerk of Court
Abraham A. Ribicoff Federal Building
United States Courthouse
450 Main Street
Hartford, CT 06103

| **Class Counsel** | **Defense Counsel** |
|---|---|

Hunton & Williams LLP
Torsten M. Kracht
2200 Pennsylvania Ave. NW
Washington, DC 20007

White & Case LLP
Glenn M. Kurtz
1155 Avenue of the Americas
New York, NY 10036

| **19.** | **What's the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you don't like the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to do either.

| **20.** | **When and where will the Court decide whether to approve the settlement?** |
|---|---|

The Court will hold a Fairness Hearing at **10:00 AM on December 9, 2014** at the United States District Court for the District of Connecticut, Abraham A. Ribicoff Federal Building, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103, in the South Courtroom. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 21. | Do I have to come to the hearing? |
|---|---|

No.  Class Counsel will answer questions the Court may have, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

| 22. | May I speak at the hearing? |
|---|---|

Yes.  You must inform the Court of your intention to speak at the Fairness Hearing.  To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *In re U.S. Foodservice, Inc. Pricing Litigation*, No. 3:07-md-1894(AWT) (D. Conn.)."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **September 25, 2014** and be sent to the Clerk of Court, Class Counsel, and USF's Counsel, at the three addresses listed in Question 18.  You cannot speak at the hearing if you excluded yourself, or "opted out," of the Class.

### IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you'll get no money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against USF concerning legal issues falling within the scope of the release in the settlement agreement.

### GETTING MORE INFORMATION

| 24. | Are more details available? |
|---|---|

This Notice is a summary and does not fully describe all of the claims, defenses, and contentions of the parties to the lawsuit.  Certain key documents, including the settlement agreement and certain relevant pleadings and court decisions are available on the class website: www.usfoodservicepricinglitigation.com.  If you have further questions about this Notice or would like more information about the lawsuit, you may view the case file at the courthouse: Abraham A. Ribicoff Federal Building, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103, or through the federal judiciary's electronic case file website https://ecf.ctd.uscourts.gov/cgi-bin/ShowIndex.pl.  You also may contact:

*In re U.S. Foodservice, Inc. Pricing Litigation*
**Claims Administrator**
**P.O. Box 8060**
**San Rafael, CA 94912-8060**
**\*\*\***
**1-877-319-2470**